## CHARLEY KELLY v. THE STATE.

*No. 806.    Decided December 9.*

1. **Seduction—Continuance—New Trial.**—On a trial for seduction, where defendant applied for a continuance for absent witnesses, by whom he expected to prove that they had had carnal intercourse with the prosecutrix, and the testimony of the prosecutrix herself tended to show that she was unchaste, *Held,* that a new trial should have been granted, that defendant might be given an opportunity to produce said witnesses.

2. **Same.**—Our criminal statutes with regard to seduction are intended mainly to redress a frailty which has been induced by a promise of marriage.    Following Mrous v. The State, 31 Texas Crim. Rep., 600.

3. **Same—Hung Jury—Remarks of Court.**—On a trial for seduction, where the jury, after being out nineteen hours, were brought into court, and in answer to questions said, "they had not disagreed as to the law;" whereupon the court remarked, "It seems strange that you would fail to agree when there is so little conflict in the evidence.    If it was a complicated case with conflicting testimony, the court could readily see a cause for failure to agree," etc.    *Held,* where the only conflicting evidence was as to the chastity of the prosecutrix and the promise of marriage, that the remarks were of a highly prejudicial character, as they tended to sweep away the defense in bulk.

4. **Same.** — Article 729, Code Criminal Procedure, expressly prohibits the trial judge, "at any stage of the proceeding previous to the return of the verdict," from making "any remarks calculated to convey to the jury his opinion of the case."

APPEAL from the District Court of Scurry.    Tried below before Hon. C. P. WOODRUFF.

This appeal is from a conviction for seduction, the punishment being assessed at two years' imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*R. H. Looney* and *C. C. Johnson,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of seduction, and his punishment assessed at two years in the penitentiary.

1. Appellant applied for a continuance on account of the absence of Yates and McIver, stating he had caused an attachment to issue for Yates, in Kauffman County, on October 13, 1893, writing to the officer his whereabouts, but there had been no return up to the time of filing this motion, to wit, October 30, 1893; that he had made constant and diligent search for McIver, assisted by his attorneys, and on the previous day had first learned he was in Bosque County; that he expected to prove acts of criminal intimacy between the said named parties and the said Mary Caruthers, the alleged injured female, and stating the times and places.    The indictment was found in this case May 5, 1893.

We may concede that sufficient diligence was not shown by appellant in procuring the witnesses. Still the case, as developed on trial, raises a grave question as to the importance of the proposed testimony, and, under the facts as proven, we believe the court should have given appellant another opportunity of obtaining the said witnesses. If, indeed, appellant is unable to make proof of the facts alleged in his motion, there can be but little question, as the record now stands, of his guilt. It was shown on trial that the witness McIver had been speaking to many persons about Miss Caruthers' want of chastity. He had seen her writing-master, and had boasted of favors that he had received from her. He was brought to a reckoning by the father and others, and signed what the witnesses call "a lie-bill." Now, it might be difficult to induce such a witness to attend court willingly, with a written confession of falsehood awaiting him; and ordinarily his evidence, when given, would not be of much value. Still, subsequent events might justify the jury in believing the first statements to be true, and the "lie-bill" to be false. Again, as to the witness Yates: Though she denies any criminal intimacy with him, she admits she knew him, and he attended her from church to Mr. Rose's house. It was upon this occasion, during a protracted meeting, at night, that appellant in his motion for a continuance alleges the criminal intimacy to have taken place between Miss Caruthers and Yates, and that subsequent thereto Yates used to meet her at her own home for such purposes. Now, while under other circumstances this testimony ought to be ignored as probably untrue, yet Miss Caruthers' own conduct is not such as to justify this conclusion. It appears from her testimony that the night before she yielded to appellant they rode in a hack to a party, and on the return, while three of her friends were on the front seat of the hack, she permitted appellant to take the grossest liberties with her person without the slightest intimation to her friends of his conduct, it being the first time he ever attempted such a thing, and finally got out of the hack and went off with appellant alone some four hundred yards to her home. On a former trial she said it was then he accomplished his purpose, which seems probable; but now says it was the next day, and that then appellant reiterated the promise of marriage. Admit this to be true, yet she says that immediately after the first criminal act he told her he was a married man; and still the criminal intimacy was continued, without objection or protest, from November 5, 1891, to the spring of 1893, when the child was born. Now, it is true that appellant's offense was complete with the first act, if her virtue was in fact destroyed thereby; but we think the circumstances of this case require a further examination into the question of previous chastity. The law is mainly intended to redress frailty when induced by a promise of marriage, not when existing before. Mrous' case, 31 Texas Crim. Rep., 600. We do not mean to hold, however,

that one who has sinned, but repented, and is leading a new life, can not be the subject of seduction. But in the case at bar there is no such condition.

2. We think that the remarks of the court were, under the circumstances of this case, calculated to injure appellant. It is shown by the bill of exceptions that after being out nineteen hours the jury were brought into court, and in answer to questions, answered that they "had not disagreed as to the law;" whereupon the court remarked that, "It seems strange you would fail to agree, when there is so little conflict in the evidence. If it was a long, complicated case, with conflicting testimony, the court could readily see a cause for failure to agree," etc. In his comment on the bill of exceptions the court says: "The court never intimated to the jury regarding any fact testified to in the cause, and never told the jury that they must render a verdict, but urged them to consider the evidence, apply it to the law, and render a verdict accordingly." It is true the court never intimated its opinion regarding any one fact in the case, but the trouble is its remarks tended to sweep away the defense in bulk. The only conflicting testimony was that establishing the defense of a want of chastity and nonpromise of marriage, which the court states to the jury is very little. That perhaps was true, but the court was forbidden to say it. Code Crim. Proc., art. 729. It certainly seems to have quickly unhung the jury. It is the safer and fairer plan, when the court ascertains that the jury are hung on a question of fact, to send them back without remark.

The judgment is reversed, and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.