# DALLAS TERM, 1894.

WILLIE JAMES v. THE STATE.

*No. 334. Decided January 17.*

**Horse Theft — Explanation of Possession — Charge.** — On a trial for horse theft, where defendant's explanation of his possession is shown to be absolutely false, though such false explanation may be considered by the jury, yet the accused should not be convicted alone of the theft because of his having lied as to his possession. And if the evidence aliunde raises the issue of an honest and legal possession, it is the duty of the court to submit that issue also in the charge, notwithstanding defendant's false explanation. All of the evidence, the facts of the case, should not only be considered by the jury, but must not be discarded nor ignored in the charge.

APPEAL from the District Court of Victoria. Tried below before Hon. S. F. GRIMES.

This appeal is from a conviction for horse theft, the punishment being assessed at a term of five years in the penitentiary.

The facts are substantially, though concisely, stated in the brief of appellant's counsel as follows, viz.:

"At the Fall Term, 1893, of the District Court of Victoria County, appellant was tried and convicted on an indictment charging him with the theft and receiving and concealing a certain horse, the property of E. R. Hays. The evidence showed that appellant lived about three or four miles from the alleged owner, and had lived there most of his life, and was familiar with all the stock and brands in the surrounding country. About 18 months after the horse, which was at the time of its loss a colt, was missed, appellant rode it to the house where the owner and his brother resided. The brother of the owner and others were there with appellant, working with a wild horse. J. E. Hays says, that he asked appellant where he got the horse, and appellant told him that he raised it, and that it was a colt of his old gray mare. Appellant says, that Hays asked him where the horse run, and he told him it run with the gray mare; but he did not say it was her colt. Hays said he told appellant that it was his brother's horse, and he had better turn it loose. Appellant then told him he would send the horse to him, as he did not wish to have any trouble. The appellant's father went to see Hays, but did not carry the horse. Appellant went on the range afterwards, with one Charles Johnson, and got the horse and sent it to Hays. Appellant frequently rode the horse about the neighborhood, and gathered cattle with the Hays boys. McFadden and Beck and others testified to his good reputation for honesty, and said he was a hard working boy. The evidence showed that sometime before appellant was found in possession of the horse, that some Mexicans camped at his father's house with about twelve or fifteen head of horses, and they got provisions and corn from him, and when they left they gave him the colt as pay. Appellant was not at home, but when he came, some days afterwards, his father gave him the colt. On the trial appellant asked that the State be required to elect after all the evidence was introduced, which the court refused. The court did not charge on the defense made by the defendant."

*Fly & Hill*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for theft of a horse, the alleged property of E. R. Hays.

The State relies upon the following facts for conviction: 1. That some person stole the horse. 2. Recent possession of the horse by appellant, and false explanations of possession made by him.

In explanation, when defendant's possession was challenged, he stated, that the horse in question was a colt of an old gray mare which belonged to his father; that he had raised the horse, etc. By all the witnesses who had knowledge of the fact this statement was shown to be false; that in fact the horse belonged to Hays. Appellant, his mother, and Tom Blount swore that in the absence of defendant, George James, father of defendant, purchased the horse, when a colt, from some Mexicans, and gave him to appellant. That appellant took possession of, cared for, broke, and used the horse up to the time when he was taken from him by Johnson for Hays. Appellant denied that he stated to State's witnesses that he had raised the horse, or that he was a colt of the old gray mare. The issue on the trial was, Did defendant take the horse from the possession of Hays, or did he procure him from his father? If he took him from Hays, the facts and circumstances most clearly establish his guilt. On the other hand, if he procured him from his father, if the horse was in fact given him by his father, he did not take him from the possession of Hays, and was not guilty of theft, though he may have, in explaining his possession, lied most egregiously. The court instructed the jury with respect to recent possession of stolen property and explanation thereof. Appellant's explanations were shown to be false, absolutely so, if he made the explanation sworn to by several witnesses. He denies making such. But concede that he did give a false account of his possession, must the jury convict him for lying? Not so. The theory of the defense was, that defendant procured the horse from his father, when a colt, etc. He, his mother, and Blount swore to this fact. The court ignored the testimony of these witnesses by failing to present to the jury the issue as to whether he did obtain the horse from his father as stated by himself, his mother, and Blount. Counsel for appellant moved for a new trial expressly upon this omission in the charge. The failure to submit to the jury this theory of the case was such error as requires a reversal of the judgment, for this theory of the case embraces the only defense urged by appellant, and was supported by the evidence of three witnesses. In passing upon the truth of the testimony of these witnesses, the false explanation may be looked to by the jury. But accused parties should not be convicted of theft for lying. All of the evidence, the facts of the case, should not only be considered by the jury, but must not be discarded or ignored in the charge.

Judgment reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.