JIM HART v. THE STATE.

No. 2958. Decided October 19, 1904.

1.—Burglary—Charge of the Court—Possession of Property Recently Stolen—Explanation.

Where the effect of the court's charge was to tell the jury that they could consider the evidence of possession of property recently stolen, as a circumstance against the defendant, in the event the other testimony in the case showed the same to be false, and to acquit defendant, if the State failed to satisfy them of the falsity of the explanation, it was tantamount to telling the jury to convict him, if the explanation given was false; although the State might not have made out a case, or the jury might have relied upon some other defense; such a charge was reversible error.

2.—Same—Accomplice—Corroboration.

Where a charge of the court on accomplice testimony assumed that the same made a case against the defendant, and that the accomplice told the truth, and only required the State to introduce evidence, tending in some degree to connect him with the commission of the offense, the same constitutes reversible error.

3.—Same—Admonishing Jury Against Finding Verdict by Lot.

A charge admonishing the jury against finding a verdict by lot, should be prefaced with the clause, "in case you find the defendant guilty," otherwise it is calculated to impress the jury with the idea that the court believed defendant guilty, and that they would find him guilty.

Appeal from the District Court of McLennan. Tried below before Hon. Sam R. Scott.

Appeal from a conviction of burglary in the night-time; penalty, two years imprisonment in the penitentiary.

The State proved by defendant's accomplice that they had broken into the store of prosecuting witness, about midnight and taken from it a number of articles of merchandise, such as tobacco, cologne, cartridges, soap, handkerchiefs, talcum powder, etc. That they hid some of these articles under a church, and took some home. The defendant and his accomplice were seen together after the burglary with articles which were similar to those missed from the store, although these things were not positively identified. Defendant when asked where he got them replied that his accomplice gave them to him. A number of articles, like those missed from said store, were found in defendant's possession and that of his accomplice, a few days after the burglary. There was positive proof that the store had been burglarized and a number of things, such as found on defendant and his accomplice had been stolen therefrom.

*Taylor & Gallagher,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary in the night-time, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

Appellant excepted to the following portion of the court's charge: "You are instructed that, if you believe from the evidence in this case, that the property alleged to have been stolen, was so stolen, and recently thereafter was found in the possession of the defendant, and that the defendant when thus found in the possession of the same, gave an explanation of his said possession, which appears reasonable and probably true, and accounted for his possession in a manner consistent with his innocence; then, before you could be warranted in considering such circumstance as evidence against the defendant in this case, you must be satisfied from the other evidence in the case, beyond a reasonable doubt, that the other testimony in the case establishes the falsity of the explanation so made by the defendant. And if the State has failed to satisfy you, that such explanation was false, then you will acquit the defendant. But in this connection, I further instruct you that the State is not bound to prove the falsity of the defendant's explanation by direct or positive testimony, but that the same may be shown to be false, by any evidence sufficient to satisfy your minds that it was false." It is insisted by appellant that this is a charge on the weight of the testimony, in that it authorizes the conviction of defendant, on the face of his being found in possession of recently stolen property,

and his explanation, and then puts the burden on the defendant to show the falsity of his explanation, and if the explanation is false it authorizes the jury to convict on the falsity thereof. Furthermore, that it authorizes the jury to find the falsity of such explanation by circumstantial evidence, and then failed to give the jury the rule by which to measure circumstantial evidence. A charge of this character, though not exactly the same in phraseology, has frequently been condemned by this court. Wheeler v. State, 34 Texas Crim. Rep., 350; Hayes v. State, 36 Texas Crim. Rep., 146; Scott v. State, 36 S. W. Rep., 276; Dyer v. State, 77 S. W. Rep., 456. In Wheeler's case, supra, the matter of a correct charge upon this subject was discussed and a form was there laid down which has been subsequently approved in a number of cases. It seems in this case that the Wheeler case was not followed, but instead the vices pointed out in the charge in that case, and other cases above referred to, appear to have been adopted. As we view the charge, the effect thereof was to tell the jury that they could consider the evidence of possession as a circumstance against defendant, in case the other testimony showed the same to be false; and the effect of instructing the jury to acquit defendant, if the State failed to satisfy them of the falsity of the explanation, was tantamount to telling the jury to convict defendant, if the explanation given was false; although appellant may have failed to sustain the explanation given by him, still the State may not have made out a case, or the jury may have believed some other defense set up by him. As said by Judge Hurt, in James v. State, 32 Texas Crim. Rep., 509, "The defendant should not be convicted for lying, in regard to the explanation given by him." In this connection, appellant asked a charge in consonance with the charge in the Wheeler case. If this charge had been given originally, without the charge of the court on the same subject, it would have been sufficient; but it is doubtful whether the giving of the requested charge would have cured the error, as it, in connection with the court's charge, would have left the jury in a confused state.

Appellant in his fifth assignment also complains of the court's charge on accomplice testimony. That portion of the charge objected to is as follows:—After defining accomplices in the language of the statute,— the court proceeds: "Now, you are charged from the evidence that the witness Ed Crowson is an accomplice, as that term is defined in the foregoing instructions, and you are further instructed that you can not find the defendant guilty upon his testimony, unless you are satisfied that the same has been corroborated by other evidence tending to establish that the defendant, acting either alone or in connection with another, did in fact commit the offense." This charge is objected to on the ground that it is assumed that the testimony of Ed Crowson made a case against appellant, and assumed also that he told the truth, and only required the State to introduce evidence, tending in some degree to connect appellant with the commission of the offense. In our opinion the charge in question is subject to the vice pointed out. Bell

v. State, 47 S. W. Rep., 1010; Jones v. State, 7 Texas Ct. Rep., 13. The questions pertaining to the charge are thoroughly discussed in those cases; and we pretermit a further discussion here, merely referring to them.

In appellant's sixth assignment he raises an objection to the court admonishing the jury against assessing the punishment of appellant by lot. His criticism is, that the charge was calculated to impress the jury with the idea that the court believed appellant guilty, and that they would find him guilty. The charge may be amenable to this criticism, and we would suggest when a charge of this sort is given, it should be prefaced with the cause, "if you find the defendant guilty," or "in case you find defendant guilty," etc. This charge contains no such expression, unless near the end of it the words "if any" are sufficient to convey this idea.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.