### Tom Brown v. The State.

#### No. 5918.  Decided October 27, 1920.

**Murder—Manslaughter—Judgment—Sentence—Practice on Appeal.**

Where, the record did not contain the judgment entered upon the verdict assessing a penalty of two years in the penitentiary, but only contained a final sentence, the judgment must be reversed and the cause remanded, as without a judgment the sentence would be unauthorized.

Appeal from the District Court of Sabine.  Tried below before the Honorable W. T. David.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of manslaughter and allotted two years in the penitentiary.

The record is before us containing a sentence, which, ordinarily, presupposes that a judgment was rendered, but the record is silent as to whether there was a judgment entered upon the verdict or not. There is a verdict set out in the record, but there is not a judgment

rendered upon the verdict showing the pleadings, the empanelling of the jury, or any of those constituent elements required by the statute. In this condition of the record the judgment will have to be reversed for want of a judgment. The final sentence can not take the place of the judgment of the court rendered upon the verdict. The sentence is the final judgment which authorized the appeal, but without a judgment the sentence is unauthorized. In this condition of the record the judgment will have to be reversed and the cause remanded, which is accordingly done.

*Reversed and remanded.*