## J. W. Horn v. The State.

No. 13790. Dismissed November 26, 1930.
Reinstated January 21, 1931.

The opinion states the case.

*B. F. Reynolds* and *Jeff A. Fowler,* both of Throckmorton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is arson; the punishment, confinement in the penitentiary for three years.

We find copied in the transcript before us the notice of appeal, sentence and recognizance. There is nothing to show that these are recorded in the minutes of the court, as required by law. Rogers v. State, 85 Texas Crim. Rep., 421, 213 S. W., 637.

The record contains no judgment rendered upon the verdict of the jury. The sentence can not take the place of the judgment of the court rendered upon the verdict. The sentence was the final judgment which authorized the appeal, but without a judgment the court was unauthorized to pronounce sentence. Brown v. State, 88 Texas Crim. Rep., 60, 224 S. W., 1098. If we had jurisdiction of the case it would be incumbent upon us to reverse the judgment of the trial court and remand the cause because of the failure of the record to show that judgment was entered. If judgment was entered, the duty rests upon the representatives of the state to show such fact.

Because the record fails to show that notice of appeal, sentence and recognizance were recorded in the minutes of the court, the appeal is dismissed. Appellant is granted fifteen days from this date in which to perfect the record.

*Appeal dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., absent.

ON REINSTATEMENT OF APPEAL.

CHRISTIAN, JUDGE.—It appears from the supplemental transcript filed since the dismissal of the appeal herein that notice of appeal, sentence and recognizance were duly recorded in the minutes of the trial court. Hence the appeal is reinstated and the case considered on its merits.

The indictment contained several counts. In the third count it was alleged, in substance, that Mrs. J. D. Horn burned the house of J. Scott Gilbert, and that before the commission of the said offense appellant wilfully advised, commanded and encouraged her to commit said offense, he not being present at the time of its commission. In the fourth count it was charged that a person unknown to the grand jurors burned the house, and that appellant, not being present at the commission of the offense, wilfully advised, commanded and encouraged said unknown person to burn said house. In the ninth count it was alleged that Mrs. J. D. Horn set fire to and burned the house in question and that before the commission of the offense appellant wilfully prepared and furnished her kerosene, candles, etc. for the purpose of assisting her in the execution of the offense, appellant not being present at the time the offense was committed. The tenth count charged that the principal was unknown to the grand jurors, and that appellant, not being present at the time the offense was committed, did, prior to its commission, furnish said unknown persons kerosene, candles, etc. In his charge, the court submitted all of the counts mentioned, but failed to instruct the jury to return a verdict upon but one count.

The jury returned a verdict reading as follows: "We, the jury, find the defendant, J. W. Horn, guilty on the third, fourth, ninth and tenth counts of the offense of arson as an accomplice and assess his punishment at three years in the penitentiary."

The court asked permission of the jury to change the verdict. Such permission having been granted, the court, over appellant's objection, changed the verdict to read as follows: "We, the jury find the defendant J. W. Horn, guilty of arson as an accomplice and assess his punishment at three years in the penitentiary."

When the verdict is informal, the jury's attention should be called to it. With their permission and consent it is proper for the trial judge to correct and reduce it to proper form. If the consent is not given, the jury should be ordered to retire for further deliberation, unless it appear

that the verdict was intended for an acquittal, in which case the accused should be discharged. Article 696, C. C. P., Article 686, C. C. P., provides: "A verdict is a written declaration by a jury of their decision of the issues submitted to them in the case."

It requires twelve members of the jury to render a verdict in a felony case. Constitution, article 5, sec. 13; article 687, C. C. P. While the trial judge has the power to correct an informal verdict with the consent of the jury, he is not a juror and cannot render a verdict, or any part of it, in a felony case, nor can he substitute his judgment for the verdict of the jury. If an illegal verdict is returned the court can retire the jury until they agree upon a proper verdict, but he cannot substitute his judgment for an illegal verdict.

In the present case the jury specifically found appellant guilty of the four counts submitted to them in the court's charge, and assessed a punishment in excess of the minimum. In Modica v. State, 94 Texas Crim. Rep., 403, 251 S. W., 1049, opinion on motion for rehearing, Judge Lattimore, speaking for the court, said: "It is the duty of the courts to indulge every reasonable intendment in upholding the verdicts of juries. In doing this we have applied in some cases general verdicts to some one count submitted, where more than one appear, provided the punishment fixed be such as that it can be concluded that the jury intended to punish in but one case. General verdicts with minimum punishments have also been applied to good counts in cases where others were defective, but we know of no case in this state which upholds the doctrine that a verdict specifically finding the accused guilty under more than one count in a felony case, which affixed a punishment greater than the minimum, could be upheld."

In the case of Jones v. State, 101 Texas Crim. Rep., 71, 274 S. W., 566, the indictment charged appellant in the first count with driving an automobile on a public road while intoxicated, and in the second count with driving an automobile on a public road while in a degree under the influence of intoxicating liquor. The court submitted both counts to the jury and they returned a verdict of guilty on each count, the punishment assessed being above the minimum. This court reversed the case with this statement: "While we believe the statute in question embraces only one felony, describing two means of its violation, we believe the authorities supra cover the question herein discussed and cover the principles herein announced. The court should not have instructed the jury to find a verdict in both counts nor have received such verdict."

In support of the holding the following cases were cited: Williams v. State, 100 Texas Crim. Rep., 50, 271 S. W. 628; Venturi v. State, 100 Texas Crim. Rep., 152, 272 S. W., 211; Nelson v. State, 97 Texas Crim. Rep., 210, 261 S. W., 1046; Modica v. State, supra; Banks v.

State, 93 Texas Crim. Rep., 117, 246 S. W., 377; Rambo v. State, 96 Texas Crim. Rep., 387, 258 S. W., 827. We quote further from Modica v. State, supra, as follows: "The statutes of our state and numerous decisions of this court make it the duty of the trial courts to decline to receive informal or insufficient verdicts, and direct that the jury be told upon trials, where plural counts are submitted to them in the charge that they must find by their verdict of which count, if any, the accused be found guilty. If it be argued that in certain cases separate counts in indictments charging theft of the same property from different owners be permissible or commendable practice—we readily agree, and also to the proposition that to the legal mind this might present but phases of the same transaction, so pleaded to meet the proof as it might develop; but the jury are not lawyers and beyond question injury might arise in many cases if we attempt to uphold their action upon the hypothesis that they understood the necessary legal procedure in matters which the court failed to tell them about in his charge."

Giving effect to the holding of this court, the opinion is expressed that the learned trial judge was not warranted in his action. It cannot be said that the penalty would have exceeded the minimum if the jury had understood that they could only convict appellant upon one count. Garrison v. State, 97 Texas Crim. Rep., 498, 262 S. W., 761; Goldstone v. State (Texas Crim. App.), 25 S. W. (2d) 852.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.