TONY LOPEZ, ALIAS ETHEL MONETTE V. THE STATE.

No. 17134.   Delivered January 30, 1935.
State's Rehearing Denied (Without Written Opinion) March 20, 1935.

The opinion states the case.

*Joe W. Taylor,* of Waco, for appellant.

*Frank M. Wilson,* Asst. Dist. Atty., of Waco, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft from the person, and her punishment was assessed at confinement in the State penitentiary for a term of three years.

The record before us discloses a contradiction between the charge of the court and the judgment. The court in his main charge advised the jury that the appellant had plead guilty to the charge contained in the indictment notwithstanding the fact that the court had admonished her of the consequences of the the same and that it appeared to the court that she was sane and that she was not influenced to make said plea by any considerations of fear, etc. The jury were then instructed to find her guilty as charged in the indictment and to assess her punishment at confinement in the penitentiary for not less than two nor more than seven years. The judgment recites that the appellant plead not guilty to the charge contained in the indictment. If the appellant entered a plea of guilty, it was necessary that the judgment should show that the trial court admonished her of the consequences of such plea and that the court had considered and passed upon the question of her sanity and found her sane, as required by Art. 501, C. C. P., which the judgment does not show. If she plead not guilty as recited in the judgment, then the court committed fundamental error in peremptorily instructing the jury to find her guilty as charged in the indictment. Especially in this true in view of the fact that according to the testimony given by appellant on the trial she was not guilty of the offense of which she was charged. In support of the views herein expressed we refer to the case of Coleman v. State, 35 Texas Crim. Rep., 404; Zepeda v. State, 110 Texas Crim. Rep., 59; Castoria v. State, 47 S. W. (2d) 325.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commision of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.