GEORGE MCCALL PIESTER V. STATE

No. 27,391. February 9, 1955
Rehearing Denied March 30, 1955
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) April 27, 1955

*Albert S. Reagan,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *H. L. Brotherton,* and *Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, for the state.

BELCHER, Judge.

This conviction is for the offense of driving while intoxicated; the punishment, 60 days in jail and a fine of $50.

Deputy Sheriff Chaffin testified that appellant, while driving his automobile, failed to observe a stop sign upon entering Highway 80, then drove in an erratic manner for about 300 yards upon said highway and stopped after the sounding of the siren; that appellant could not speak plainly, his eyes were dilated, and that he staggered while walking; that appellant stated to him that he had been drinking; that he smelled the odor of

alcohol on appellant's breath, and further stated that in his opinion appellant was intoxicated.

Dr. Mason, toxicologist for the city and county of Dallas, testified that the specimen of appellant's blood, which was obtained with appellant's consent and which was properly identified, contained an alcoholic concentration of 0.259 per cent. He further expressed the opinion that any person having such a concentration of alcohol in his blood would be under the influence of alcohol.

Appellant testified in his own behalf stating that he had drunk three beers during the evening but that he was not intoxicated.

Appellant offered two witnesses who testified that they were with appellant for a period of about three hours shortly before his arrest and stated that appellant was not intoxicated.

The jury resolved the issue of appellant's intoxication against him, and we find the evidence sufficient to support their verdict.

There are no formal bills of exception. We have examined the informal bills and are of the opinion that they do not reflect error.

The judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

On original submission the appellant failed to file a brief. We shall now discuss his informal bills of exception.

Bill of Exception No. 13 complains of the testimony of Dr. Mason in which he gave the results of the blood test. The objection is two-fold. The first objection relates back to Dr. Mason's testimony in which he told of the findings of the American Medical Association as to the percentage of alcohol in the blood which indicated intoxication. The grounds of the objection were that this constituted hearsay evidence. In Jones v. State, 159 Texas Cr. Rep. 29, 261 S.W. 2d 161, in discussing a similar contention, we said, "Experts, in giving opinion testimony may,

however, refer to scientific authorities and state the results thereof."

The second relates to the chain of custody of the blood specimen, which the appellant contends was not sufficiently shown. Officer Chaffin testified that on March 13 he was present when the specimen was taken from the appellant, that the bottle containing the same was sealed and marked for identification, and that he personally placed it in a refrigerator in the laboratory in a place marked for blood samples. Dr. Mason testified that on March 14 he took the sealed blood sample bearing the appellant's identification from that portion of the icebox in his laboratory which was reserved for the preservation of blood samples. This we conclude was a sufficient showing of the chain of custody. Gilderbloom v. State, 160 Texas Cr. Rep. 471, 272 S.W. 2d 106.

Bill of Exception No. 8 relates to the testimony of the arresting officer to the effect that the appellant agreed to take the blood test. The objection was that he was under arrest at the time. The officer did not attempt to relate his conversation with the accused; he merely stated that the appellant agreed to take the test. Under our holding in Brown v. State, 156 Texas Cr. Rep. 144, 240 S.W. 2d 310, it was proper for the state to show that the blood test was taken with the consent of the accused. No error is reflected by the bill.

Bills of Exception Nos. 10 and 11 complain that the arresting officer was permitted to testify that in his opinion the appellant was very drunk and too drunk to drive an automobile. Clearly, the officer was entitled to give his opinion as to the degree of appellant's intoxication based on appellant's appearance and conduct at the time of his arrest. We know of no rule which would prevent the witness from giving his opinion as to the degree of intoxication which the accused was laboring under.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.