**Gerald Noble HOFFMAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38626.**

Court of Criminal Appeals of Texas.

Nov. 24, 1965.

Rehearing Denied Jan. 19, 1966.

Bob Carroll, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and I. D. McMaster, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is drunk driving; the punishment, 21 days in jail and a fine of $100.

The evidence shows that appellant was identified as the driver of a motor vehicle which police officers observed being driven in both lanes on Holmes Road in Harris

County. The officers who stopped him testified as to their observation of appellant, the odor of alcoholic beverage on his breath, the way he walked and talked, and expressed the opinion that he was intoxicated.

Analysis of a sample of appellant's blood, taken with his consent, was found by Houston Police Chemist Floyd McDonald to contain 0.23 percent alcohol.

Mr. McDonald testified that he had conducted or assisted in conducting many experiments correlating the amount of alcohol in the blood with the condition of the individual as to intoxication. He further testified that the person from whom the blood sample he analyzed was taken would have been intoxicated at the time the blood was taken.

■ Appellant's first ground for reversal relates to the following portion of Mr. McDonald's testimony:

"Q. Mr. McDonald, it is your testimony anyone who achieves 0.10 percent is intoxicated regardless of his resistance to alcohol, is that correct?

"A. Yes, sir, that is correct.

"Q. Are there any other authorities who share in that opinion?

"MR. CARROLL: Objection.

"THE COURT: The objection is overruled.

"MR. CARROLL: Note our exception.

"Q. (By Mr. McMaster) Would you cite to the jury some of the authorities you are familiar (with) who share your opinion?

"MR. CARROLL: To which we object, to his bolstering his witness.

"THE COURT: Overruled.

"MR. CARROLL: Note our exception.

"THE WITNESS: Do you want individuals or organizations?

"Q. Organizations.

"A. Well, the two largest the American Medical Association unanimously adopted the same conclusion and the National Safety Council and Committee on Alcohol and Drugs also arrived at the same conclusion.

"MR. CARROLL: Your honor, at this time we ask that it be striken from the record.

"THE COURT: Overruled."

■ We see no error. An expert in giving opinion testimony may corroborate his opinions by referring to scientific authorities. Jones v. State, 159 Tex.Cr.R. 29, 261 S.W.2d 161; Piester v. State, 161 Tex.Cr.R. 436, 277 S.W.2d 723.

■ Appellant's remaining claim of error is presented by formal bill of exception which certifies that in his closing argument to the jury counsel for the state said: "It is uncontroverted that the National Council on Safety does share in it."

The state correctly contends that the bill is deficient in that it does not of itself manifest the error complained of. Brown v. State, 171 Tex.Cr.R. 692, 353 S. W.2d 425; Graves v. State, 169 Tex.Cr. R. 595, 336 S.W.2d 156.

■ The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.