William Joseph BAKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 38853.

Court of Criminal Appeals of Texas.

Jan. 12, 1966.

Rehearing Denied March 2, 1966.

Brown & Shuman, by Clifford W. Brown, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is drunk driving; the punishment, 3 days in jail and a fine of $50.

The evidence offered by the state shows that appellant was driving a motor vehicle upon a public street in the City of Muleshoe when he was stopped by Deputy Sheriff Henderson whose attention had been attracted by the noise of squealing tires and the marks being left on the pavement.

Deputy Henderson and State Highway Patrolman Freeman, who joined him at the scene, testified that appellant was not steady in his walking and had a very strong

odor of intoxicants on his breath. They each expressed the opinion that he was intoxicated.

A sample of appellant's blood taken at a hospital with his consent was shown to contain "eighteen hundredths percent alcohol."

Chemist and Toxicologist Eldon Straughan expressed the opinion that the person from whom the specimen was taken was intoxicated at the time it was taken.

Appellant testified that he worked as an engineer for a television station which required him to travel from Lubbock to Clovis, New Mexico, and Muleshoe and to San Angelo; that during the afternoon he stopped in Post and drank two glasses of tap beer; that he had been traveling since about six o'clock that morning; that when he got into Bailey County, with his loaded station wagon, the right front tire blew out; that he was trying to hold his car on the road and hit a sign post; that it damaged the car, caused the tie rod to bend, and made the wheel squeak.

Appellant also admitted having had a beer in the afternoon at Fluvanna, but testified that he was not intoxicated; did not think his speech was slurred; believed that the nurse used alcohol, not acetone as she testified, to cleanse his arm for the blood taking; and that if he staggered it was because of a leg injury he received when he was a child.

■ Appellant's first ground for reversal relates to the court's charge wherein the jury was admonished: "You are not to reach a verdict by any species of lot or chance, or any sort of agreement other than your fair consideration of the evidence admitted before you, to the end that your findings may truly represent your deliberate conclusions based upon a fair consideration of the evidence under these instructions."

Appellant objected to said charge as being upon the weight of the evidence; that it assumed that the court was of the opinion he had been proved guilty and that he would be found guilty and said instruction should be preceded by a statement: "If you should find the defendant guilty * *."

Appellant cites Hart v. State, 47 Tex.Cr. R. 156, 82 S.W. 652; Noe v. State, 162 Tex.Cr.R. 483, 286 S.W.2d 942; and Winfrey v. State, 84 Tex.Cr.R. 579, 209 S.W. 151.

The cited cases are authority for the proposition that an admonition to the jury *in regard to the fixing of punishment* must be prefaced by the statement "If you should find the defendant guilty * * *," or words of like import.

The distinguishment is that the court's instruction related to the jury's verdict and was not directed to any particular verdict. The admonition did not apply only to the punishment to be assessed should the defendant be found guilty, but to the jury's finding on the question of his guilt or innocence.

We do not follow the reasoning that a *verdict* is reached only when the defendant is found guilty.

"A verdict is a written declaration by a jury of their decision of the issues submitted to them in the case." Art. 686 C.C.P.

Art. 693 C.C.P. provides that if the plea is not guilty the jury must find that the defendant is either "guilty" or "not guilty," as well as to assess the punishment.

Appellant's second claim for reversal is that the court erred in failing to instruct the jury to disregard the testimony of state's witness Eldon Straughan for the reason that there was no evidence to show that the specimen upon which he conducted a test and the results which he reported were pertinent to the appellant, and because the witness was not shown by evidence to be qualified to render an opinion relative to the intoxication of the subject from whom the specimen was taken.

■ It is contended in this regard that there is no evidence to identify the specimen

tested as being a specimen of blood taken from appellant. We do not agree.

Patrolman Freeman testified that he was present when the blood sample was taken and that he filled out the forms and mailed the specimen. He identified State's Exhibit No. 2 as the container holding the blood test taken from appellant.

The Chemist and Toxicologist, Eldon Straughan, identified State's Exhibit No. 2 as a specimen of blood which he received through the mail, "purportedly" from Patrolman Freeman, and testified:

"Q. * * * In what condition was it at the time that you received it?

"A. When I received this specimen both the inner and the—the inner being, I am speaking here of the glass vial with the screw cap as well as the outer gum paper label were both sealed, they were in a sealed condition when I received it and I broke both of these to conduct the analysis on the specimen therein.

"Q. Did you perform a blood test upon the sample of blood?

"A. Yes, sir, I did.

"Q. Was this particular sample, while in your possession, at all times in your custody?

"A. Yes, sir, it was.

"Q. And did you make that test?

"A. Yes, sir."

■ As to the contention that the witness Straughan was not shown to be qualified to render an opinion that the person from whom the specimen was taken was intoxicated at the time it was taken, the witness testified that he held a Bachelors Degree in Chemistry from Texas Tech; that the test he conducted was an accepted test according to the American Medical Association and the National Safety Council, and testified:

"Q. From your experience and training from testing this particular sample of blood, did you draw any conclusions as to whether or not the person from whom this sample was drawn was or was not intoxicated?

MR. BROWN: Excuse me, Your Honor, I object. The witness has not been shown to be qualified to give such a conclusion and we object for that reason.

THE COURT: Overruled.

MR. BROWN: Note my exception, please.

"A. Yes, sir, I did.

"Q. What was that conclusion, sir?

MR. BROWN: And my objection, of course, goes to all of this, Your Honor, if you please.

"A. It is my opinion that the person from whom this specimen was taken was intoxicated at the time the specimen was taken."

Thereafter he testified:

"Q. You said a while ago that your training in this field was as a result of your chemistry in college, did you not?

"A. That plus the research I have conducted in this particular phase of scientific endeavors.

"Q. All right.

"A. Since my employment."

The trial court did not err in failing to instruct the jury to disregard the testimony of the state's witness Straughan.

Appellant next contends that the court erred in permitting hearsay testimony to go before the jury.

■ This claim of error also relates to the testimony of Eldon Straughan, the Chemist and Toxicologist, who was asked

and, over objection that it was hearsay, was permitted to answer:

"Q. Will you describe briefly the type of blood test which is performed in your laboratory on blood samples which are sent to you for testing?

"A. Yes, sir. This is a direct distillation of the alcohol from the blood specimen and the oxidation of the alcohol to determine the amount present in terms of percentage.

"Q. Is this an accepted blood test according to the American Medical Association?

\* \* \* \* \* \*

"A. Yes, sir, it is recommended by the American Medical Association \* \* \*.

\* \* \* \* \* \*

"Q. Is this an accepted blood test according to any other standards? \* \*

"A. Yes, it is.

"Q. And would you tell what they are?

"A. Well, the main one being other than the American Medical Association, is—

\* \* \* \* \* \*

"A. Would be the National Safety Council."

A similar contention was overruled by this Court in the recent case of Hoffman v. State, Tex.Civ.App., 397 S.W.2d 461. See also Jones v. State, 159 Tex.Cr.R. 29, 261 S.W.2d 161; Piester v. State, 161 Tex. Cr.R. 436, 277 S.W.2d 723.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

Appellant contends that we did not distinguish this case from our relatively recent case of Noe v. State, 162 Tex.Cr.R. 483, 286 S.W.2d 942. In that case the charge read in part as follows: "In your deliberations you should not attempt to arrive at a verdict by lot or chance or by ballots *as to the particular punishment each juror is in favor of assessing* \* \* \*."

In the case at bar the portion of the charge quoted in our original opinion relating to the jury's verdict does not mention punishment.

We have examined the record in Winfrey v. State, 84 Tex.Cr.R. 579, 209 S.W. 151, upon which appellant relies, and it is apparent that such case was reversed because the charge was an oral rather than a written one. Anything else in the opinion must be considered as dicta.

Remaining convinced that a proper disposition was made originally, the appellant's motion for rehearing is overruled.