John David HAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 43961.

Court of Criminal Appeals of Texas.

Oct. 6, 1971.

Rehearing Denied Nov. 16, 1971.

---

**158**

Harold J. Fleming, Dallas, for appellant.

Henry Wade, Dist. Atty., and James S. Moss, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted by a jury of the offense of robbery by assault upon his plea of not guilty. The jury assessed his punishment at 100 years confinement in the Texas Department of Corrections.

Appellant complains of the manner in which the court accepted the verdict of the jury on the issue of guilt or innocence. The record reflects that the following occurred from the time the jury was retired to deliberate on guilt or innocence until the time the jury retired to deliberate on punishment:

> "THE COURT: Ladies and gentlemen, take the Court's charge and retire to the jury room and elect you a foreman. Then proceed to consider the case and when you have arrived at a verdict knock on the door and we will be here to receive it.
>
> (Whereupon the jury retired for the deliberation and then whereupon the following proceedings were had, to-wit:)
>
> "THE COURT: All right, bring in the jury.
>
> (Whereupon the jury was brought in with their verdict.)
>
> "THE COURT: Mr. Foreman, you have forgotten to sign the verdict form. Mr. Baliff, hand the charge to the foreman and let him sign it.
>
> (Whereupon the charge was handed to the foreman and he signed the verdict.)
>
> "THE COURT: Mr. Foreman, I believe you have done this wrong. Ladies and gentlemen, go back to the jury room and consider of your verdict and when you have done so, knock on the door and we will receive it.
>
> (Whereupon the jury was retired again to the jury room to reconsider their verdict and then whereupon they returned.)
>
> "THE COURT: Mr. Foreman, have you arrived at a verdict?
>
> "MR. FOREMAN: We have, Your Honor.

"THE COURT: We the jury find the Defendant guilty of robbery by assault as charged in the indictment signed by the foreman. So say y'all ladies and gentlemen?

(Whereupon the jurors answer in the afffirmative, that it is their verdict.)

"THE COURT: If you will just keep your seats for just a minute and we will be ready to proceed on the other part. Let the record show that when the jury came in with a verdict and handed the charge to the Court, the foreman had not signed. The Court handed the charge to the foreman in the jury box and told him that he had not signed it and the foreman inadadvertantly signed on the form that said not guilty and thereupon the Court asked the jury to return to the jury room and consider of their verdict, and this being done before any verdict was announced. The jury immediately returned to the jury room and the foreman signed the verdict of guilty and the Court thereupon asked the jury in the jury box and again asked them in the presence of the Defendant and Defense Counsel if their verdict in this case is guilty. And does each and all of you say that is the verdict?

"THE JURORS: Yes.

"THE COURT: Let the record show that each of the persons in the jury affirm that guilty was their verdict.

"MR. ORMESHER: Your Honor, may I ask this in the interest in the state of Texas. Was that your verdict prior to the time that you returned to the Courtroom, do each and every one of the jurors agree?

"THE JURORS: Yes.

"THE COURT: Let the record so show.

"MR. ORMESHER: And may I ask the Foreman of the jury if it was by mistake that he signed the paragraph of not guilty?

"THE FOREMAN: Yes, sir.

"THE COURT: Anything further now?

"MR. ORMESHER: Your Honor, we have witnesses on the way.

"THE COURT: All right, ladies and gentlemen, you may go back for a short recess.

(Whereupon Court was recessed and whereupon the following proceedings were had out of the presence of the jury.)

"MR. CHAMPION: Your Honor, the Defendant objects to the prejudicial statements which were mentioned to the Court during the course of the trial and the argument of the District Attorney and moves for a mis-trial on the grounds that two different verdicts were returned in this case and the Defendant asks the Court to declare a mistrial.

"THE COURT: To which the Court overrules the motion and to which the Defendant excepts.

"MR. CHAMPION: Yes, Your Honor, show our exception.

"THE COURT: Bring in the jury.

(Whereupon the jury is brought in for further testimony on the record in the presence of the jury.)

"THE COURT: Ladies and gentlemen, we will now proceed on phase two in this trial, to-wit, the punishment."

The Court submitted to the jury the following forms of verdict on the issue of guilt or innocence:

## FORMS OF VERDICT

(If you find the defendant guilty, use this form of verdict:)

We, the jury, find the defendant guilty of Robbery by Assault as charged in the Indictment.

———————

Foreman

(If you find the defendant not guilty, use this form of verdict:)

We, the jury, find the defendant not guilty.

_____
Foreman

■■■ When the jury returned into open court in this case, the Foreman had neither signed the verdict of guilty or not guilty. The Court reminded the Foreman that he had forgotten to sign the verdict and delivered the charge back to the Foreman. Apparently the Foreman signed the verdict of not guilty. This can be ascertained from the Court's statement that he "handed the charge to the Foreman in the jury box and told him that he had not signed it and the Foreman inadvertently signed on the form that said not guilty and thereupon the Court asked the jury to return to the juryroom and consider of their verdict." When the Court saw that the Foreman had signed the verdict of not guilty, the Court said: "Mr. Foreman, I believe you have done this wrong. Ladies and gentlemen, go back to the jury room and consider of your verdict and when you have done so, knock on the door and we will receive it." It is impossible to tell from the record before us how the trial court knew that the Foreman had "inadvertently" signed the verdict of not guilty. Nor is it possible to tell how the trial court knew when he saw that the Foreman had signed the verdict of not guilty that the Foreman had signed the "wrong" verdict form. Here, the Court submitted only two forms of verdicts, guilty and not guilty. When the Court saw that the Foreman had signed the not guilty verdict, he informed the Foreman in effect that he had signed the "wrong" one. He then instructed the jury to go back and consider their verdict and when they had done so to knock on the door and the Court would receive it. Thus, the Court had indicated its belief to the jury that a verdict of not guilty was "wrong." The only other verdict the jury could return after considering their verdict would be that of guilty.

A verdict is a written declaration by a jury of its decision of the issues submitted to it in the case. Art. 37.01, Vernon's Ann. C.C.P. Not less than 12 jurors can render and return a verdict in a felony case, and such verdict must be concurred in by each juror. Williams v. State, 118 Tex.Cr. R. 366, 42 S.W.2d 441. The trial judge is not a juror, and, on a plea of not guilty in a felony case (before a jury), cannot render a verdict or any part thereof. Horn v. State, 117 Tex.Cr.R. 22, 35 S.W.2d 145. It is an elementary principle of law that, where an accused pleads not guilty in a criminal case, it is fundamental error to instruct a verdict of guilty. Lopez v. State, Tex.Cr.App., 79 S.W.2d 1095. In effect the Court's refusal to accept the signed verdict of not guilty, without first inquiring of the jury if not guilty was their verdict, amounted to an instructed verdict of guilty.

Art. 37.04, C.C.P., provides the method in which the verdict of the jury should be received in the following language:

"When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the clerk. If in the proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court."

Thus, in the instant case, the verdict of not guilty should have been read aloud in open court. Then, if no juror dissented from the verdict of not guilty and neither party requested a poll of the jury, the verdict should have been entered upon the minutes of the Court. Compare Art. 37.10, C.C.P. Art. 37.05, C.C.P., provides:

"The State or the defendant shall have the right to have the jury polled, which is done by calling separately the name of each juror and asking him if the verdict is his. If all, when asked, answer in the affirmative, the verdict shall be entered upon the minutes; but if any juror

answer in the negative, the jury shall retire again to consider its verdict."

In complying with Arts. 37.04, 37.05, and 37.10, C.C.P., judges are prohibited by law from commenting upon the weight of the evidence or making any remark calculated to convey to the jury the court's opinion of the case. Art. 38.05, C.C.P., provides:

"In ruling upon the admissibility of the evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case."

In Vasquez v. State, 163 Tex.Cr.R. 16, 288 S.W.2d 100, this Court stated that "the test is whether the remarks are upon the weight of the evidence or indicate to the jury the judge's opinion of the merits, and whether the remarks were prejudicial to the defendant's rights. Williams v. State, 67 Tex.Cr.R. 287, 148 S.W. 763." Certainly the Court's remark in the instant case would tend to convey to the jury that the Court held the belief that appellant was guilty as charged in the indictment.

In Kelly v. State, 33 Tex.Cr.R. 31, 24 S.W. 295, the jury, after being out 19 hours, returned into court saying that they could not arrive at a verdict. The Court made the following remark: "It seems strange you would fail to agree, when there is so little conflict in the evidence. If it was a long, complicated case, with conflict in testimony, the court could readily see a cause for failure to agree." After this remark, the jury retired to the jury room, subsequently returning a verdict of guilty. The Court held that the trial court's remark was prejudicial error.

In Noe v. State, 162 Tex.Cr.R. 483, 286 S.W.2d 942, appellant was convicted of the offense of driving while intoxicated. The issue of intoxication was closely contested. The trial court instructed the jury: "In your deliberations you should not attempt to arrive at a verdict by lot or chance or by ballot as to the particular punishment each juror is in favor of assessing and then dividing same by the number of six, or in any manner other than by a fair consideration of the law and evidence." This Court held that the instruction to the jury constituted a comment on the weight of the evidence and an indication to the jury that the Court expected the jury to find the appellant guilty.

In Garcia v. State, 427 S.W.2d 897, this Court said that a trial judge must continue to guard his remarks to a jury, even after receipt of the verdict, so as to avoid causing a juror from being a reluctant or reticent witness at the hearing on the motion for new trial, particularly where the jury misconduct may be involved, and where such hearing is to be conducted before the same judge.

In Moore v. State, 154 Tex.Cr.R. 307, 227 S.W.2d 219, this Court discussing a similar ground of error said:

"They first returned a verdict against the three defendants in the following form: 'We, the jury, find the defendants Joe Miles Ward, James Henry Mitchell and Leonard Leroy Moore guilty.'

"Such verdict was not received, and the jury was retired for further deliberation, and after the last such retirement, the jury delivered to the court their verdict against appellant as follows: 'We, the jury, find the defendant, Leonard Leroy Moore, guilty.'

"Thereupon, the district attorney, under the directions of the trial judge, amended the verdict by addition thereto making it read as follows: 'We, the jury, find the defendant Leonard Leroy Moore, guilty, as charged in the indictment and has been three times convicted of a felony, as charged in the indictment.'

"The jury being first asked if such amendment was agreeable they assented

and being polled, each answered that the verdict as amended was their verdict.

"Such verdict was thereupon received by the court, and became the basis of the court's judgment finding appellant guilty of felony theft as charged with the addition 'and has been three times convicted of a felony as found by the jury,' and adjudging his punishment at confinement in the penitentiary for life.

"While the trial court has the power to correct an informal verdict with the consent of the jury, he is not a juror, and, on a plea of 'Not Guilty' in a felony case, cannot render a verdict or any part thereof. See Horn v. State, 117 Tex.Cr.R. 22, 35 S.W.2d 145.

"The amendment of the verdict against appellant was not a mere correction of an informality. The finding of the jury as to appellant's former convictions was essential to the validity of a judgment assessing a life term against him.

"The court was without authority to add to the jury verdict a finding that appellant had been three times convicted of a felony, even though the indictment had alleged three prior convictions."

We hold that Kelly, supra; Noe, supra; and Moore, supra; correctly state the law of this State.

For the error pointed out, the judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

Apparently the trial judge had been informed that the jury had reached a guilty verdict. The record should show how he knew, but it does not. The judge found and so stated for the record that the foreman inadvertently signed the not guilty form of verdict. There is nothing in the record to show that this statement is not true. Appellant's counsel apparently agreed with the statement, because he made no objection to it.

After the foreman signed the guilty verdict form, the jurors in answer to a question by the judge stated that it was their verdict. In answer to the question by the prosecutor, "Was that your verdict prior to the time that you returned to the court, do each and every one of you jurors agree?" the jurors answered, "Yes."

Especially in the absence of proof to the contrary, I would not disregard the answers of the jurors that the verdict of guilty was theirs prior to the time they returned to the courtroom, nor the statement of the judge that the not guilty form of verdict was inadvertently signed. There has been no attempt to show that these statements were not true.

No objection to the statements of the judge was made. If it appeared in the record that the judge had tried to influence their verdict, I would not hesitate to reverse.

In addition to taking the answers of the jurors as true, their verdict of one hundred years at the penalty stage of the trial would indicate that the jurors had no doubt about his guilt. Jurors would hardly assess a punishment of one hundred years to a man if they had believed him to be not guilty.

Since the record supports the findings of the trial judge and there has been no attempt to show that the record is not true, I respectfully dissent to the reversal.