IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-197-CR




HARRY BUNDY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 18,670, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING


 




PER CURIAM

 A jury found appellant guilty of driving while intoxicated. Act of May 27, 1983,
68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art.
6701l-1(b), (c), since amended and codified at Tex. Penal Code Ann. §§ 49.04). (1) The punishment
is incarceration for eighteen months and a $1000 fine. On the jury's recommendation, the jail
term was probated for eighteen months.

 In his only point of error, appellant complains that the district court "erred by
interpreting the verdict as calling for the fine to be paid, not probated, and polling the jury without
following [Tex. Code Crim. Proc. Ann.] article 37.04 [(West 1981)]." Article 37.04 states: 



 When the jury agrees upon a verdict, it shall be brought into court by the
proper officer; and if it states that it has agreed, the verdict shall be read aloud by
the judge, the foreman, or the clerk. If in proper form and no juror dissents
therefrom, and neither party requests a poll of the jury, the verdict shall be entered
upon the minutes of the court.



 The jury's verdict in this cause reads:


 We, the Jury, having found the Defendant, HARRY E. BUNDY, guilty of
the offense of DRIVING WHILE INTOXICATED, assess his punishment at
confinement in the Milam County Jail for a period of ________________ (72 hours
- 2 years) and a fine of __________ ($100.00-2,000.00).


 __________________________________________

 FOREMAN OF THE JURY


We, the jury, recommend that the following be probated


 18 months Jail Time


 $1000.00 Fine


for a period of 18 months. (24 months maximum).


 [Signature] 

 FOREMAN OF THE JURY



When this verdict was presented to the district court, the following proceedings took place:


THE COURT: The verdict of the Jury reads as follows:

 

 "We, the Jury, having found the Defendant, Harry E. Bundy, guilty of the
offense of Driving While Intoxicated, assess his punishment at confinement in the
Milam County Jail at 18 months and receive a one thousand dollar fine, however,"
--


THE JURY: No, no, no --


THE COURT: Let me finish. Please.


 From my understanding it was the eighteen months in the Milam County
Jail and one thousand dollar fine. However, the eighteen months will be probated
for eighteen months. Is that correct?


 All right. Let me poll the jury and make sure that's everybody's
understanding and agreement.


 If it is your intent or was your intent and currently is your intent that the
Defendant's sentence of the eighteen months in the Milam County Jail and one
thousand dollar fine, however, that the jail time be probated for eighteen months,
simply say, after I call your name, "It is."



Each juror indicated that the district court's understanding of the verdict was correct. 

 Appellant reads the jury's verdict as calling for probation of both the term of
incarceration and the fine. Appellant argues that the district court's assumption that the jury
intended to probate only the term of incarceration is without factual support in the record, and that
the court's handling of the verdict had the effect of instructing the jurors not to probate the fine. 
Appellant asks us to reform the judgment of conviction to probate the fine as well as the jail term.

 Appellant relies on the opinion in Hay v. State, 472 S.W.2d 157 (Tex. Crim. App.
1971). In Hay, the jury foreman signed the "not guilty" verdict form. Upon seeing this, the trial
court said, "Mr. Foreman, I believe you have done this wrong," and returned the jurors to the
jury room. The jury later returned with a verdict of guilty. The record contained a statement by
the trial court indicating the jury foreman had "inadvertently" signed the "not guilty" verdict
form, but there was nothing in the record to show how the court knew this. The Court of
Criminal Appeals held that the trial court's refusal to accept the signed verdict of not guilty
without first inquiring if that was the jury's verdict amounted to an instructed verdict of guilty. 
Citing article 37.04, the court wrote that the verdict of not guilty should have been read aloud in
open court and, if no juror dissented from the verdict and neither party requested a poll, that
verdict should have been entered on the minutes.

 Appellant also refers us to the opinion in Shappley v. State, 520 S.W.2d 766, 774
(Tex. Crim. App. 1974) (opinion on motion for rehearing). In Shappley, the jury's verdict
assessed punishment at a term of imprisonment and a fine, and thereafter recommended that the
sentence be probated. The Court of Criminal Appeals held that the trial court was bound to
follow the jury's recommendation and could not disregard the recommendation that the fine be
probated.

 The verdict form used in this cause is no model. As we understand it, the jury was
supposed to assess punishment in the upper portion of the verdict form, using the lower portion
only to indicate which part of the punishment, if any, was to be probated. The jury obviously did
not share this understanding. Instead, the jury apparently believed that it was to use the upper
portion of the form to assess punishment if it did not want to recommend probation, and was to
use the lower portion of the verdict form to assess punishment if it did want to recommend
probation. As a result, it is impossible to determine from a reading of the verdict alone whether
the jury intended to recommend probation of the jail time, the fine, or both. This ambiguity in
the verdict distinguishes this cause from Hay and Shappley. 

 A verdict must be certain and unambiguous. It is the duty of a trial court to reject
an informal or insufficient verdict, call to the attention of the jury the informality or insufficiency,
and have the same corrected. Reese v. State, 773 S.W.2d 314, 317 (Tex. Crim. App. 1989); Neal
v. State, 689 S.W.2d 420, 428 (Tex. Crim. App. 1984). While the procedure employed by the
district court did not conform precisely with that prescribed by statute, appellant voiced no
objection at the time. Unlike the trial court in Hay, the district court did not suggest to the jury
that probation of the fine was improper or unwise. If the district court's reading of the verdict
was incorrect, the jurors were given a fair opportunity to say so. When polled, the jurors
indicated that they recommended probation of the jail term only.

 The judgment of the district court conforms to the jury's verdict, as that verdict is
reflected in the record. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 7, 1994

Do Not Publish
1. Jurisdiction of this misdemeanor offense was transferred to the district court. Tex. Code
Crim. Proc. Ann. art. 4.17 (West Supp. 1994).