**Alfonso Marcus PRICE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–282–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 23, 1981.

David Ball, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal of a conviction for aggravated robbery. Punishment was assessed at 20 years. Defendant alleges eight grounds of error, which we will address in order.

First, appellant complains of the trial court's failure to invoke the rule during the voir dire examination of jurors. The rule (Tex.Code Crim.Pro.Ann. art. 36.03 [Vernon 1979]) is for the purpose of preventing witnesses from hearing the testimony of other witnesses. It has no application to the exclusion of witnesses during voir dire and before any testimony on the trial has begun. *Creel v. State*, 493 S.W.2d 814 (Tex.Cr.App.1973). Ground of error number one is overruled.

In his second and fourth ground of error, appellant contends that the trial court failed to grant a mistrial after a showing that the prosecutor had held a group meeting with the State's witnesses after voir dire to discuss their testimony. Defendant claims that the witnesses' testimony became tainted because of this meeting and should not have been admitted. At the time of this meeting, no testimony had been given at the trial, and the rule had not been invoked. No showing of harm was made. Moreover, error, if any, was made harmless by defense counsel's cross-examination of the witnesses and their testimony that, in fact, they had met as a group with the prosecutor. The jury, as the trier of fact, was made aware of the meeting and had the opportunity to assess its impact on the credibility of the State's case. The error, if any, was harmless.

The defendant's third ground of error is that the trial court intimidated the prospective jurors, thus prejudicing the defendant, when he excused one member of the voir

dire panel for cause. During the voir dire examination of the jury panel, Juror Garcia stated that she was a religious woman and did not want to serve. She said, in effect, that she did not want to judge somebody else. Whereupon the State challenged the juror for cause. The juror, addressed the court, stating:

"Juror Garcia: In our religion, we believe it is not right. We do not have the right to judge somebody else.

Mr. Callaway (State's attorney): She said in her religion they believe it is not right to judge someone else.

The Court: What is your religion?

Juror Garcia: Christian.

The Court: What?

Juror Garcia: I am a Christian woman.

Mr. Ball: She said she is a Christian woman.

The Court: Do you have any denomination affiliation?

Juror Garcia: Pentacostal.

The Court: What?

Mr. Ball: She said Pentacostal.

The Court: I am going to excuse this juror. I don't think she would make a very good juror for either side.

*If there is anybody else out there on the jury panel that has any screwball ideas about religious beliefs in enforcing the laws of Texas, if you have, just step up and I'll excuse you, too.*

Mr. Ball: Your honor, for the record, may I object to the Court's statement?

The Court: Sure. You can object all you want to, counsel." (emphasis added)

The importance in selecting a jury cannot be overestimated in our judicial system since both the State and defendant have an interest in assembling a jury free of bias and prejudice. As such, we must examine whether the unfortunate remark inflicted harm which sufficiently impeded the free exchange of information.

The Bill of Rights of the Texas Constitution addresses the importance of religious beliefs and the significance of the jury system. "The right of trial by jury shall remain inviolate." Art. 1 § 15. Witnesses in trials, for instance, are not disqualified because of religious beliefs. Section 5 of Article 1 states, "no person shall be disqualified to give evidence in any of the Courts of this State on account of his religious opinions, or for the want of any religious belief . . . ." The office that a judge holds is not dependent on his religious beliefs. Section 4 of Article 1 guarantees that no religious test shall ever be required as a qualification to any office, or public trust in this State; "nor shall anyone be excluded from holding office on account of his religious sentiments, provided he acknowledge the existence of a Supreme Being." The religious beliefs of all Texas citizens have not only been guaranteed by the Constitution of this State, but our founding fathers who established this nation did so in the same premise. In fact, the Preamble of the Constitution of Texas begins by humbly invoking the blessings of Almighty God, and Article 1, Section 6, guarantees the freedom of worship, "according to the dictates of their own consciences." Even the Code of Judicial Conduct censures such statements by the judge. Canon 3 of the Code of Judicial Conduct requires that "a judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others . . . ."

█ The purpose of the voir dire examination is to expose any bias or interest of the prospective jurors which might prevent full consideration of the evidence presented at trial. The term "voir dire" literally means "to speak the truth." Black's Law Dictionary (5th Ed. 1979). When one member of the panel does indeed speak the truth and exposes a personal bias, the interests of justice are served. Such honesty should be complimented and encouraged . . . . not ridiculed. Referring to a member of the voir dire panel as a "screwball" for only doing that which justice requires, and for which our Constitution guarantees, cannot help but chill the honest exchange of information so necessary in the selection of a fair and impartial jury.

We cannot overemphasize the importance of trial by jury. If a trial court discourages

prospective jurors from being truthful, he simultaneously destroys the purpose of the voir dire and erodes the foundation upon which a fair and impartial jury can be selected.

■ This type of remark by a trial judge reflects unfavorably upon the jury selection and our judicial system. It cannot be condoned. It could have caused a reversal of this trial. However, a thorough review of the entire voir dire examination in this appeal does not demonstrate that this defendant did not have a fair trial because of the judge's remark. The voir dire examination extended for quite some time thereafter. Other jurors fully expressed themselves, and religious beliefs were not again mentioned.

■ The test in law is whether the remark was reasonably calculated to benefit the State or prejudice the defendant's rights. *Kincade v. State*, 552 S.W.2d 832 (Tex.Cr.App.1977). Since we do not find that defendant's rights were prejudiced or the State's rights benefited, we hold the error was harmless as far as this defendant is concerned.

■ In grounds of error five and six, appellant contends that the evidence is insufficient to support the conviction. The appellant neither cites authority nor makes any argument in support of these grounds. Grounds of error presented in this manner are insufficient to preserve error. *Pearce v. State*, 513 S.W.2d 539, 545 (Tex.Cr.App. 1974).

■ Appellant contends in ground of error seven that it was error for the prosecutor to read count one of the indictment to the jury when he knew he could not prove count one. He implies that the State, by reading count one, placed before the jury evidence of an inadmissible extraneous offense. The indictment contains three counts. Count one charges robbery against Frances Prieto; count two, robbery against Terry Smith; and count three, robbery against Mary Kirby. All counts were read to the jury. Count three was abandoned before the testimony began because defend-

ant's name was incorrectly alleged. Frances, the victim named in count one, did not testify. At the close of the testimony, the State elected to proceed on count two only. The testimony shows that all three counts relate to a single transaction. See: *Clark v. State*, 28 Tex.App. 189, 12 S.W. 729, 730 (1889).

There is no support in the record for the assertion that the prosecutor knew he could not prove count one when he read it to the jury. To the contrary, it appears that even though Frances Prieto did not testify, the State made an effort to prove the robbery against her. The State may allege, in a single indictment, two or more offenses in separate counts, if the offenses arise out of the same incident, act or transaction. *Koah v. State*, 604 S.W.2d 156, 161 (Tex.Cr.App. 1980). All counts in an indictment of this kind, if supported by evidence, may be submitted to the jury; or the State may elect to proceed on a certain count or counts and abandon others. *Koah v. State*, p. 161. Even though the State elected to proceed on count two, the evidence admitted under count one was not prejudicial to appellant because that evidence was admissible as a circumstance surrounding the robbery of Terry Smith as alleged in count two. No error is shown.

■ Defendant's eighth ground of error is that the accumulation of his seven other alleged errors requires reversal. This ground of error is not in compliance with Tex.Code Crim.Pro.Ann. art. 40.09 § 9 (Vernon 1981); *McIlveen v. State*, 559 S.W.2d 815 (Tex.Cr.App.1978) and is overruled.

The judgment of the trial court is AFFIRMED.