Christopher Antonio
LIVINGSTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-88-01155-CR.

Court of Appeals of Texas,
Dallas.

Dec. 11, 1989.

Rehearing Denied Jan. 12, 1990.

Molly Meridith Lenoir, Dallas, for appellant.

Teresa Tolle, Asst. Dist. Atty., Dallas, for appellee.

Before WHITHAM, BAKER and OVARD, JJ.

## OPINION

BAKER, Justice.

A jury found Christopher Antonio Livingston guilty of murder and assessed a life sentence. He asserts seven points of error. In his first point, appellant contends that the trial court erred in commenting to the jury panel during voir dire on the court's own inability to consider the full range of punishment. We sustain this point of error, reverse the trial court's judgment, and remand the cause for a new trial.

During voir dire, the following discussion transpired before the entire panel of prospective jurors:

A JUROR: If—we're talking the person was found guilty of murder?

THE COURT: Right.

THE JUROR: I would have a problem with them serving five years or less.

THE COURT: I understand you have a problem, but the law says to be a juror in this case you have to remain open-minded. That is why I'm asking you, can you do it, not whether you would have a problem, because you might or might not. You probably can't imagine a case that you would want to give a small punishment on.

THE JUROR: Right.

THE COURT: But the law says that you have to wait until you hear the facts.

And if you think that that case came up, could you assess five years if you thought that was what the facts deserved under the case that you heard? It may not. There may not be a case that deserves five years in your mind, ever, from the evidence, but if you heard it, you just blocked that out, and say, under no circumstances could I do that, then you can't sit on this jury. What we're asking you to do is remain open-minded. If you don't, it is not a five year case, you're not going to give him five years, you will not consider it.

THE JUROR: What I was saying, if this is actually—if this person is found guilty of murder, I personally could not see any way that they could only get five years.

THE COURT: Well, I understand that. The law says you've got to do that to sit on this jury. You're saying you can't follow the law? That is what I am asking.

THE JUROR: I am just telling you what—how I personally feel.

THE COURT: I understand, but that doesn't help me much. The law says you've got to remain open-minded. Can you do that?

THE JUROR: I can try.

THE COURT: That's all we're asking you to do. There may not—I can't imagine any case I would want to give five years on—

MR. KING: Your Honor, excuse me, Your Honor. We object to the comments of the Court.

THE COURT: Overruled. I overrule your objection.

MR. KING: Note our exception, Your Honor.

THE COURT: I know he probably didn't like me saying that, but—

MR. KING: Excuse me, Your Honor, we object, once again—

THE COURT: I overrule that objection.

MR. KING: —to the comments by the Court.

THE COURT: Sit down:

The law still requires that you remain open-minded, and give the Defendant whatever you think he deserves, after you hear the testimony, and if you make up your mind ahead of time you can't consider something within that range of punishment, then you can't sit on this jury. And really, it requires you to just remain open-minded, kind of flow and give him whatever you think he deserves, but you have to be able to say I can consider the full range of punishment. Doesn't say you have to give it unless you think the facts of our case deserves it. If you do, then give him five years, if not, then you can't follow that part of the law, all you have to do is tell us about it.

The range of punishment for the offense of murder in this case was a minimum of five years to a maximum of ninety-nine years or life with an optional fine of up to $10,000. TEX.PENAL CODE ANN. § 12.32 (Vernon 1989). Appellant asserts that he is entitled to a jury that could, in the event of a guilty verdict, consider the entire range of punishment including the minimum of five years. *See Bodde v. State*, 568 S.W.2d 344, 349 (Tex.Crim.App.), *cert. denied*, 440 U.S. 968, 99 S.Ct. 1520, 59 L.Ed.2d 784 (1978). He contends that the trial court told the jury panel that, although they would have to keep an open mind and consider the minimum number of years in this case, the court itself did not envision a five year sentence ever being appropriate. Appellant's position is that obvious concern must be given to the trial court's improper comments due to the considerable weight a layman might attach to such opinion. Appellant argues that the court's remark was reasonably calculated to prejudice his rights, and he was denied a fair trial. *See Billings v. State*, 725 S.W.2d 757, 763 (Tex. App.—Houston [14th Dist.] 1987, no pet.).

As a general rule, the trial court must refrain from commenting on the weight of the evidence in the jury's presence during any stage of the proceeding. *See* TEX.CODE CRIM.PROC.ANN. art. 38.05 (Vernon 1979). A criminal defendant has the right to have a jury that will consider

the full range of punishment for the charged offense as prescribed by the legislature. *See* TEX.CODE CRIM.PROC.ANN. art. 35.16 (Vernon 1989). A trial court's comment constitutes reversible error if such comment is either reasonably calculated to benefit the State or to prejudice the defendant's rights to a fair and impartial trial. *Sharpe v. State,* 648 S.W.2d 705, 706 (Tex. Crim.App.1983).

■ The State acknowledges that the trial court's remark was improper and unfortunate. However, the State contends that in light of the trial court's comments which immediately followed and in light of the extensive voir dire of the prospective jurors, appellant has failed to show that he was denied a fair trial. The State contends that the facts of the offense were particularly damaging to appellant, which made the issue of whether the jury considered five years as an appropriate penalty almost academic. The State concludes that nothing in the facts suggests that the jury would have considered a penalty at the lower end of the punishment range, and no reversible error is shown. We disagree. The State concedes the trial court's remark was improper and unfortunate and, in effect, acknowledges error in the proceedings. Therefore, this Court must reverse the judgment unless we determine beyond a reasonable doubt that the error made no contribution to the punishment. TEX.R. APP.P. 81(b)(2).

The law contemplates that the trial judge shall maintain an attitude of impartiality throughout the trial. *Lagrone v. State,* 84 Tex.Crim. 609, 209 S.W. 411, 415 (1919). This is because to the jury, the language and conduct of the trial court have a special and peculiar weight. *See Simmons v. State,* 55 Tex.Crim. 441, 117 S.W. 141, 143 (1909); *Jones v. State,* 51 S.W. 949, 950 (Tex.Crim.App.1899); *Kelly v. State,* 33 Tex.Crim. 31, 24 S.W. 295, 297 (1893). Jurors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence or the merits of the issues involved. *Lagrone,* 209 S.W. at 415. The delicacy of the situation in which the trial judge is placed requires that he be alert in his communications with the jury, not only to avoid impressing them with any view that he has, but to avoid in his manner and speech things that they may so interpret. *Anderson v. State,* 83 Tex.Crim. 261, 202 S.W. 944, 946 (Tex.Crim.App.1918); *Crook v. State,* 27 Tex.App. 198, 11 S.W. 444, 446 (1889); see *Kirk v. State,* 35 Tex.Crim. 224, 32 S.W. 1045, 1046 (1895).

Even though, as the State suggests, the question of guilt or innocence may not have been open to doubt, we are unable to say beyond a reasonable doubt, under the circumstances of this case, that the trial court's remark did not prejudice appellant's right to a fair and impartial trial. We sustain appellant's point number one.

In view of our disposition of appellant's first point of error, we do not deem it necessary to discuss appellant's remaining six points of error. We reverse the trial court's judgment and remand the cause for a new trial.

OVARD, J., dissents.

OVARD, Justice, dissenting.

I respectfully dissent. By reversing and remanding this entire cause, the majority overreacts to its disapproval of the trial court's single statement, made during an exchange with a veniremember, about the minimum sentence. The majority begins by incorrectly accepting Livingston's misinterpretation of the remark. Livingston asserts that the trial court said that he could not envision a five year sentence ever being appropriate. The actual statement was that the judge could not "imagine any case where I would *want* to give five years ..." His words, although improvidently spoken, were in context of his explanation that the law requires qualified jurors to keep an "open mind" to a five year sentence. This is required regardless of a person's personal attitude toward not being able to envision facts which would warrant such a minimal sentence. Simply because a juror is not able to envision a situation where he or she would respond to a particular issue or sentence, reversal is not mandated. *See*

*Pierce v. State*, 777 S.W.2d 399, 412 (Tex. Crim.App.1989).

The trial court did not say that he would not want to assess a five year sentence in this case. Nor did he say that he would not assess five years in a murder case. Additionally, he properly explained that even if a person possessed such personal feelings, if the person kept an "open mind" and would return a five year sentence in a murder case where the facts and circumstances properly called for the minimum, the person satisfied the law. The trial judge's words could reasonably be construed to convey the message that even if a judge cannot imagine a case where he would *want* to give a five year sentence, he could and would because the law requires it in a proper case.

Even if the remark is determined to be erroneous, our inquiry is not at an end. We must then assess the harm, if any, which occurred from the error. TEX.R. APP.P. 81(b)(2). The reviewing court must examine the voir dire in its entirety to determine whether any harm resulted from comments made during the voir dire process. *Sattiewhite v. State*, No. 69,763, slip op. at 12 (Tex.Crim.App. Oct. 25, 1989) (not yet reported). In *Sattiewhite*, a capital murder case, the trial court erred by informing the venire about the result of the jury's failure to agree on a submitted issue. This was a direct violation of article 37.071(g) [1] of the Texas Code of Criminal Procedure. The Court of Criminal Appeals determined that there was no harm after considering the voir dire in its entirety, and because no further mention of the comment was made. In addition, the written charge and instructions submitted were correct, and there was no indication of confusion by the jury. A careful reading of the record shows all of the factors outlined in *Sattiewhite* to be present in this case and reflects no harm to Livingston. *See Sattiewhite*, slip op. at 12–13.

While instructing the panel, the trial court stated, at least three times, that the law required keeping an open mind and rendering a five year sentence if the facts and circumstances called for it. There was no further mention of the condemned remark. I conclude that the statement was not reasonably calculated to benefit the State or to prejudice the defendant's right to a fair and impartial trial. *See Price v. State*, 626 S.W.2d 833, 836 (Tex.App.—Corpus Christi 1981, no pet.). In addition, I conclude that it did not contribute to the punishment. *See Sattiewhite*, slip op. at 10–13.

I agree with the majority that a criminal defendant has the right to have a jury that will consider the full range of punishment, as prescribed by the legislature, for the charged offense. *See* TEX.CODE CRIM.PROC. ANN. art. 35.16(c)(2) (Vernon 1989). The record is replete with instances where the jurors indicated a willingness to consider the full range of punishment. Although the majority is unable to determine that the jury fairly considered the full range of punishment, counsel for Livingston acknowledged in his argument:

> ... [a]nd all y'all told us one thing, yeah, I could look—hear the facts of a murder case and if I think it is a five year murder case, I will put five years. If I think it is a ten year murder case, I will put ten years. If it is a twenty-five year murder case, I will say twenty-five.... whatever it is, I will try to put you [sic] a number on it...."

I would hold that the record shows a jury willing to consider the full range of punishment. Livingston never objected to the jury by alleging their inability to consider the full range of penalty. Absent an objection, he waived his point of error. *See Esquivel v.° State*, 595 S.W.2d 516, 525 (Tex.Crim.App.1980) (untimely jury panel challenge).

Further, the majority fails to demonstrate how the fatal remark is a comment

---

1. Art. 37.071. Procedure in Capital Case, provides in pertinent part:
   (g) The court, the attorney for the state, or the attorney for the defendant may not inform a juror or a prospective juror of the effect of failure of the jury to agree on an issue submitted under this article. TEX CODE CRIM.PROC. ANN. art. 37.071(g) (Vernon Supp.1989).

on the evidence, rather than on the range of punishment. *See* TEX.CODE CRIM.PROC. ANN. art. 38.05 (Vernon 1979). The majority directs our attention to several cases from 1889 to 1919 generally stating that the trial court's words may have special meaning to the jury. However, the majority neglects to enlighten readers as to how the remark deprived Livingston of a fair and impartial trial, or how it contributed to his punishment. The State's characterization of the statement as unfortunate and improper seemingly supplies some merit to Livingston's position. But these labels do not reach the degree required for denial of a fair and impartial trial. *See Price*, 626 S.W.2d at 836.

While actually conceding that guilt or innocence may not have been open to doubt, the majority conspicuously avoids confronting the facts of this case. The majority then hastily concludes that it is unable to determine that the trial court's remark did not prejudice Livingston's right to a fair and impartial trial, nor that the statement did not beyond a reasonable doubt contribute to the punishment assessed.

Turning to the facts, testimony at trial was elicited that within less than a month of being placed on deferred probation for eight years in two felony cases of unlawful possession of a controlled substance, Livingston sought out the decedent and shot him twice, killing him. A witness testified that Livingston threatened to kill the witness unless he revealed the decedent's whereabouts. The witness told Livingston where the decedent could be found and Livingston went to the decedent's apartment. Livingston was looking for the decedent because he claimed the decedent ran off with some marijuana Livingston had entrusted him with to sell. As the decedent attempted to avoid Livingston, he was shot by Livingston through the door. Livingston admitted that he had run a cocaine house in Dallas and, further, that he sold marijuana, but he denied the murder.

In light of the facts, it is obvious that the remark about the minimum penalty did not affect the jury's finding of guilty. Conse-

quently, Livingston was not denied a fair and impartial trial concerning whether he was guilty or not guilty. Further, the facts mandate the holding that the remark about the minimum five year sentence did not beyond a reasonable doubt contribute to the punishment assessed. Had the jury returned a sentence in the lower range, one might reasonably argue that the remark may have been a contributing factor. The evidence supported the jury's verdict of a maximum life sentence in that it showed: that Livingston shot an unarmed man while the man was attempting to get away; that Livingston was on felony probation for possession of controlled substances at the time he shot the decedent; and that Livingston ran a cocaine house and sold marijuana. Thus, the proper conclusion is that the remark did not contribute, beyond a reasonable doubt, to the punishment assessed.

In six remaining points of error, Livingston alleges that the trial court erred because it permitted the State to offer extraneous offenses before the jury and that lesser included offenses were excluded from the charge. He also alleges that improper argument resulted in reversible error. I determine that there is no merit in any of these points of error.

In points of error two and three, Livingston complains of the State's opening statement and testimony that Livingston was seeking out decedent and shot him because he had not paid for Livingston's illegal drugs. Livingston argues that these were improper extraneous offenses. Because extraneous offenses may be used to prove a defendant's motive, I would overrule points of error two and three. *See Bush v. State*, 628 S.W.2d 441, 444 (Tex.Crim.App. 1982).

Livingston, in points of error four and five, argues that the lesser included offenses of involuntary manslaughter and criminally negligent homicide should have been included in the trial court's charge. I disagree. Because the evidence failed to show that the Livingston was guilty of *only* involuntary manslaughter or *only* criminally negligent homicide, I would overrule points of error four and five.

*Dowden v. State,* 758 S.W.2d 264, 270 (Tex. Crim.App.1988); *see also Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981) (on reh'g).

In points of error six and seven, Livingston complains of arguments made by the State. Initially he complains of the argument: "You know he's out there selling dope to different people, be they children, adults, whatever." In view of Livingston's admission to the jury that he had run a cocaine house and sold marijuana, coupled with the trial court's immediate instruction to disregard, I perceive no reversible error in this argument. *See Anderson v. State,* 633 S.W.2d 851, 855 (Tex.Crim.App. [Panel Op.] 1982).

His final complaint concerns a comment by the State that counsel for Livingston was a good friend of the prosecutor. Even if this comment was erroneous, which I would not so hold, I would determine beyond a reasonable doubt that the comment made no contribution to the punishment. *See* TEX.R.APP.P. 81(b)(2). Reversal is required only when the remark is so inflammatory that the prejudicial effect cannot be removed. *Blansett v. State,* 556 S.W.2d 322, 328 (Tex.Crim.App.1977). Thus, I would overrule points of error six and seven.

I would affirm the trial court's judgment.