IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-157-CR





MORRIS DREW ADCOCK,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 93-144, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of two counts of third-degree felony theft. Act of
May 23, 1991, 72d Leg., R.S., ch. 565, § 1, 1991 Tex. Gen. Laws 2003 (Tex. Penal Code Ann.
§ 31.03(e)(4)(A), (E), since amended). The jury assessed punishment for each count, enhanced
by a previous conviction for burglary of a habitation, at imprisonment for twenty years. We will
address first those points of error relating to count one, then those points relevant to count two,
and finally those points that apply to both counts.



1.  Count one.

 Thomas Blackwell owns Brownsboro Enterprises, a construction company in
Lockhart. On the morning of December 29, 1992, Blackwell arrived at work to find one of the
gates to the yard open. The lock on the gate, which Blackwell had secured the night before, had
not been forced. Upon further inspection of the premises, Blackwell discovered that a 1986 crew
cab pickup truck owned by the business was missing. The stolen truck was found abandoned near
Austin the following day. Appellant's fingerprints were found on the hood and driver's side vent
window of the truck.

 Appellant was employed by Blackwell at the time of the theft. In the course of his
work, appellant had been driving a 1979 model truck also belonging to the construction company. 
A key to the unlocked gate was ordinarily kept in that truck, but it was missing that morning, as
were a number of valuable tools stored in the truck. The missing key, with its distinctive key
ring, was later found in the stolen truck. Appellant had been scheduled to work on December 28,
but did not do so. Efforts to find appellant on December 29 were unsuccessful. Appellant never
returned to work at Brownsboro Enterprises.

 Fred Murphy, Jr., testified that appellant called him at his home on the night of
December 28, 1992, and asked him for a ride into Lockhart. At approximately 11:00 p.m., after
driving appellant to two different houses in town, Murphy told appellant that he wanted to go
home. As they approached Brownsboro Enterprises, appellant instructed Murphy to stop. 
Appellant got out of Murphy's vehicle and told him he would wait there for appellant's brother. 
Murphy last saw appellant walking toward the company gate. Appellant later told Blackwell in
a telephone conversation that he "was waiting around there [the Brownsboro Enterprises yard] for
some married woman to pick him up," but appellant refused to name this woman. 

 In two points of error, appellant contends the evidence is legally insufficient to
sustain his conviction for the theft of the truck. In determining the legal sufficiency of the
evidence to support a criminal conviction, the question is whether, after viewing all the evidence
in the light most favorable to the verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex.
Crim. App. 1981). Appellant argues that the evidence is not legally sufficient because the State
proved only that he was present at the scene shortly before the theft. King v. State, 712 S.W.2d
799, 801 (Tex. App.--Houston [1st Dist.] 1986, pet. ref'd).

 Appellant understates the volume of incriminating circumstantial evidence in this
cause. The key apparently used to unlock the gate on the night of the theft was ordinarily kept
in the truck appellant drove in the course of his employment. This key was found in the stolen
truck. Tools ordinarily kept in the truck assigned to appellant were also stolen. Appellant's
fingerprints were found on the stolen truck. The explanation appellant gave Murphy for wanting
to be left alone at Brownsboro Enterprises in the middle of the night differed from the explanation
appellant gave Blackwell after the theft. Appellant failed to appear at work on either the day
before or the day after the theft, and in fact never returned to his job. While it is true that
appellant was not shown to be in possession of the stolen property, we believe that the
circumstances proved by the State, when viewed in the light most favorable to the verdict, do
more than merely cast suspicion on appellant. From the evidence, a rational trier of fact could
find beyond a reasonable doubt that appellant was the person who stole the truck from the yard
of Brownsboro Enterprises on the night of December 28, 1992.

 King v. State, on which appellant relies, is factually distinguishable. More
importantly, King was decided at a time when the evidence in circumstantial evidence cases had
to exclude all reasonable hypotheses other than guilt. The alternative hypothesis construct was
abolished before appellant's trial. Geesa v. State, 820 S.W.2d at 161. Points of error four and
five are overruled.

 In point of error two, appellant contends the district court erred by overruling his
motion for mistrial made after Blackwell testified, over appellant's sustained hearsay objection,
that the stolen truck had been recently washed. This contention is based on the following
exchange during Blackwell's direct testimony:


Q Now, had the Chevrolet crew cab been washed at any time recently prior to
December 29, 1993 [sic]?


 MR. BEHRENDT [defense counsel]: Objection, Your Honor. May I take
this witness on voir dire?


 THE COURT: Why?


 MR. BEHRENDT: Your Honor, may I approach the bench?


 THE COURT: Yes, sir.


 MR. BEHRENDT: Your Honor, the police report or statement of this witness
indicates that somebody told him it was washed, and his answer is going to --


 THE COURT: You understand that you can only testify to things that you
know of your own knowledge and not something that has been told to you by a
third person.


 THE WITNESS: Yes, sir.


 THE COURT: Can you answer this question of Mr. Kimbrough's from your
own personal knowledge?


 THE WITNESS: Can I ask a question, also?


 THE COURT: Yes.


 THE WITNESS: If I told the man to wash it or told him to have the truck
washed, and then I checked with somebody and they said they did --


 MR. BEHRENDT: Objection.


 THE COURT: I sustain the objection.


 MR. BEHRENDT: Your Honor, may I have the jury instructed to disregard
the answer that someone told him that if --


 THE COURT: So ordered.


 MR. BEHRENDT: I move for a mistrial.


 THE COURT: Denied. Proceed.



 We note first that the prosecutor's question was never answered. Second, if the
jury got the impression that the truck had been recently washed, and the record does not clearly
reflect that it did, it did so as a result of statements made by defense counsel and by Blackwell in
response to counsel's objection. Under the circumstances, the instruction to disregard was
sufficient to cure any error. Adanandus v. State, 866 S.W.2d 210, 227 (Tex. Crim. App. 1993). 
Point of error two is overruled.

 Appellant argues that another motion for mistrial should have been granted when
the prosecutor asked a police officer, "In your experience . . . how common is it, from a police
officer's perspective, to see stolen cars abandoned and not driven by the suspect for any
significant period of time?" Appellant's relevance objection was sustained, the question was not
answered, and the jury was instructed to disregard the question. Any error was cured and the
district court did not abuse its discretion by overruling appellant's motion for mistrial. Id. Point
of error three is overruled.

 Fred Murphy testified that he had four convictions for driving while intoxicated,
two of which were felonies. In two points of error, appellant complains of the district court's
refusal to instruct the jury that the evidence of Murphy's felony convictions was admitted to aid
them in deciding the weight to give his testimony, and was not to be considered for any other
purpose.

 Appellant's argument under these points is based on a misunderstanding of the
purpose of the limiting instruction he requested. He reads the instruction as directing the jury to
consider the impeaching evidence and to discount the witness's testimony accordingly. To single
out evidence in this manner, however, would be an improper comment on the weight of the
evidence. Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 1994). In fact, the purpose of
a limiting instruction regarding evidence admitted for impeachment only is to protect against the
jury's misuse of the evidence. Adams v. State, 862 S.W.2d 139, 148 (Tex. App.--San Antonio
1993, pet. ref'd). When the evidence in question could only be used for impeachment, no limiting
instruction is required. Cantrell v. State, 731 S.W.2d 84, 95 (Tex. Crim. App. 1987). The
evidence regarding Murphy's DWI convictions could only be used to impeach his credibility. The
evidence could not be used by the jury as substantive evidence of appellant's guilt. Therefore,
no limiting instruction was required and no error is presented. Points of error ten and eleven are
overruled. 



2.  Count two.

 On the afternoon of March 4, 1993, Carolina Velasquez was working as cashier
at a Lockhart convenience store. A man walked into the store, took a beer from the cooler, and
placed the beer on the counter. Velasquez glanced at the man, whom she identified at trial as
appellant, and saw that he had approximately ten packs of cigarettes stuffed in his waistband and
coat pockets. Appellant told Velasquez that he did not want the beer and began to walk quickly
out of the store. Velasquez asked, "What about those cigarettes?" Appellant replied, "What
cigarettes?" and continued out the door. Velasquez called the police.

 Appellant contends the evidence is legally insufficient to sustain his conviction for
stealing the cigarettes because Velasquez said, when shown appellant's photograph on the day of
the offense, "I think that's the guy." Velasquez denied using those words and appellant relies on
the testimony of the investigating officer. In any event, Velasquez's identification of appellant
at trial was positive. Viewing the evidence at trial in the light most favorable to the verdict, a
rational trier of fact could find beyond a reasonable doubt that appellant stole the cigarettes. 
Points of error eight and nine are overruled.

 Appellant argues that the district court should have suppressed Velasquez's in-court
identification because it was tainted by an impermissibly suggestive pretrial identification
procedure. Appellant's brief contains separate points of error based on the due process of law
clause of the United States Constitution and the due course of law clause of the Texas
Constitution. U.S. Const. amend. XIV; Tex. Const. art. I, § 19. Appellant groups the two
points for argument, however, and makes no effort to demonstrate that the state constitution
affords the accused greater protection with respect to identification procedures than does the
federal constitution. Following appellant's lead, we will assume that the two constitutional
provisions are identical in this regard. Morehead v. State, 807 S.W.2d 577, 579 n.1 (Tex. Crim.
App. 1991).

 Velasquez testified at the hearing on appellant's motion to suppress that she told
the investigating officer, David Powell, that the thief was a man she had often seen in the store
and around town. Moreover, she knew that the man's brother was Susan Mager's boyfriend. 
While Powell waited, Velasquez called Susan Mager's mother, who told Velasquez that Susan's
boyfriend's brother was Drew Adcock. Velasquez gave the name to Powell. Powell went to the
police station and got a photograph of appellant. (1) He returned to the store and showed the picture
to Velasquez. Powell testified that he asked Velasquez, "Do you recognize this guy?" but was
careful not to tell Velasquez the name of the man in the photograph. Velasquez told Powell that
the man in the photograph was the thief. 

 The following day, Velasquez went to the police station to give a statement. The
officer who took the statement, John Roescher, testified, "I showed her a picture of Morris
[Drew] Adcock, but she had told me that's who -- she told me who the person was and I showed
her a picture so I knew we were talking about the same person." Velasquez again confirmed that
appellant was the man who shoplifted the cigarettes.

 Appellant urges that the repeated display of a single photograph was unduly
suggestive and gave rise to a very substantial likelihood of irreparable misidentification. See Delk
v. State, 855 S.W.2d 700, 706 (Tex. Crim. App. 1993). Although such one-on-one identification
procedures are generally frowned upon, the suggestiveness of the procedure in any given case
must be determined from the totality of the circumstances. Jackson v. State, 657 S.W.2d 123,
127 (Tex. Crim. App. 1983). The evidence in this cause demonstrates that Velasquez recognized
appellant at the time of the offense. Although she did not know his name, Velasquez did know
of his brother's relationship with Susan Mager. After Velasquez obtained appellant's name from
Mrs. Mager and gave it to Powell, her identification of appellant as the thief was complete. The
subsequent display of the photograph by the two officers merely confirmed that the Drew Adcock
known to the police was the same Drew Adcock who stole the cigarettes from Velasquez. Under
the circumstances, appellant has failed to demonstrate either that the pretrial identification
procedure was unduly suggestive or that it gave rise to a substantial likelihood of
misidentification. Points of error six and seven are overruled.

 The State alleged and the jury found that appellant had been convicted twice before
of theft, thus elevating this offense to a third degree felony. Appellant contends in his twelfth
point of error that the district court erred by admitting State's exhibit three, a certified copy of
a judgment of conviction for theft in Midland County cause number 39,522, one of the two
previous convictions alleged in the indictment. The Midland County judgment bears a fingerprint
identified as that of the defendant's left thumb. An expert testified that this print matches
appellant's left thumb print. Citing Scott v. State, 553 S.W.2d 361 (Tex. Crim. App. 1977),
appellant argues that the exhibit was not admissible because the certification by the Midland
County clerk "made no specific reference to the judgment, or the thumbprint, or any other
particular document to which the certification was to relate." (2) This contention was not presented
to the district court and was therefore not preserved for review. (3) Tex. R. App. P. 52(A). Point
of error twelve is overruled.



3.  Other points of error.

 In point of error one, appellant complains of a remark made by the district court
after the prosecutor concluded his voir dire of the jury panel. During the course of the
prosecutor's voir dire, several panelists had expressed dissatisfaction with the workings of the
parole system. Others had said they believed that imprisonment for twenty years is an excessive
punishment for theft, even if the defendant is a repeat offender. Before recessing for lunch, the
court said:



 But let me just tell you, every two years you get a chance to change the laws
in this State. First of all you get that change by electing the folks that think like
you do that carry the message that you want taken to Austin; and, secondly, you
can see to it that once they get over there they act like they said they were going
to when they got elected, and that they're going to vote for those programs that
they supported in their --


 MR BEHRENDT: Your Honor, I object to comments by the Court with
respect to this. It may tend to prejudice the jury and I object to it.


 THE COURT: Objection overruled.


 And all I'm saying is that all of you need to think about all of the things that
were talked about here this morning when it comes down to the elections every two
years; doesn't have anything to do with this defendant or this lawyer or this
particular case. All I'm saying is that this is an exercise in civics that we're
involved with here, okay, and so you have an opportunity to involve yourself in
that every two years.



Appellant notes that a few moments earlier, one of the panelists had said that "twenty years
wouldn't help." Appellant argues that the court's remarks conveyed the opinion that the jury
should assess the maximum punishment in this cause.

 Appellant quotes only a portion of the panelist's statement. The juror said, "I have
one more thing. Even though if someone continues to do that, I don't think prison is the answer. 
I think they have enough problems, so the twenty years wouldn't help." This panelist also said,
"I don't know if I could give him twenty years." In context, the panelist was not expressing the
view that twenty years in prison was too light a punishment, but too harsh.

 A trial court should not at any stage of the proceedings make any remark calculated
to convey to the jury its opinion of the case. Tex. Code Crim. Proc. Ann. art. 38.05 (West
1979). In Livingston v. State, 782 S.W.2d 12 (Tex. App.--Dallas 1989, pet. ref'd), cited by
appellant, a conviction was reversed because the trial court told the jury panel during voir dire,
"I can't imagine any case I would want to give five years on." 782 S.W.2d at 13. In the cause
before us, the district court did not express its approval or disapproval of any particular
punishment. Instead, the court merely encouraged the panelists to vote. The court's remarks
were not calculated to benefit the State and, in context, did not convey any opinion regarding this
cause. Point of error one is overruled.

 Finally, appellant contends the statutory instruction on parole and good conduct
time is vague and contradictory, thus violating the due process and due course of law clauses of
the federal and state constitutions. Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (West Supp.
1994). These arguments have been made to and rejected by the Court of Criminal Appeals. 
Muhammad v. State, 830 S.W.2d 953 (Tex. Crim. App. 1992); Oakley v. State, 830 S.W.2d 107
(Tex. Crim. App. 1992). Points of error thirteen and fourteen are overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: February 1, 1995

Do Not Publish
1.   Powell testified that the photograph was a police mug shot. He said that he folded the
photo so that only the face showed. Appellant does not contend that the photograph was
itself impermissibly suggestive.
2.   The certification states that "the above and foregoing is a full, true and correct copy
as the same appears of record" in the clerk's office.
3.   At trial, appellant urged that the exhibit was inadmissible because the certification
appeared on the back of the exhibit rather than the front.