Affirmed and Memorandum Opinion filed January 6, 2005









Affirmed and Memorandum Opinion filed January 6, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01253-CR

____________

 

KENNETH JAMES
HUDSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 939,735

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Kenneth James Hudson, was
convicted by a jury of aggravated robbery and sentenced to sixty years= incarceration in
the Texas Department of Criminal Justice, Institutional Division.  In this appeal, appellant claims the trial
court erred in admitting the photo spread into evidence because it was unduly
suggestive and in allowing a witness, who was present in the courtroom during
opening statements, to testify.  We
affirm.








A little after 12:30 p.m., on December 9,
2002, the complainant, Gwendolyn Stephenson, went into the Super Value store on
Tidwell and Homestead in Houston.  When
Stephenson left the store, she walked to her car, with the umbrella up.  When she reached the front of her car,
another car pulled up two spaces away from her car.  The appellant got out of the car and asked
Stephenson, ADon=t I know you?@  Stephenson said he did not know her.  She proceeded to unlock her car, let her
umbrella down, and get in.  When
Stephenson started to close her car door, appellant, who was squatting down
between the open door and the car, blocked her from doing so.  Appellant again asked Stephenson if he knew
her; she repeated that he did not know her. 
Appellant then said, AWell, this is a
robbery,@ pulled a gun out
of his pocket, and demanded Stephenson=s cell phone and
purse.  Stephenson complied with
appellant=s demand. 
Appellant backed away to his car and drove away.  

During the robbery, Stephenson never took
her eyes off of appellant.  She Ahad a good look at
his face.@ 
Stephenson was also able to get the license plate number of the car
appellant drove.  According to
Stephenson, after the robbery, appellant did not try to speed out of the
parking lot.  Stephenson looked at the
license plate, memorized the number, ran into the store, and wrote down the
number.  Stephenson also observed that
the license plates were from another state because they were not the same color
as Texas license plates.  

                                                   Photo Spread

In his first issue, appellant asserts that
because Sergeant Madden told Stephenson that a suspect was arrested in a
similar vehicle with the same license plate number, she knew the alleged
suspect=s photo was
included in the photo spread, making the photo spread unduly suggestive.  








AA pretrial
identification procedure may be so unnecessarily suggestive and conducive to
mistaken identification that to use that identification at trial would deny the
accused due process of law.@  Webb v. State, 760 S.W.2d 263, 269
(Tex. Crim. App. 1988).  The two-step
test to determine the admissibility of an in-court identification is (1)
whether the out-of-court identification procedure was impermissibly suggestive;
and, if suggestive, (2) whether the suggestive procedure gave rise to a
substantial likelihood of irreparable misidentification.  Conner v. State, 67 S.W.3d 192, 200
(Tex. Crim. App. 2001).  An analysis
under this test is conducted by using Aa totality of the
circumstances@ approach. 
Barley v. State, 906 S.W.2d 27, 33 (Tex. Crim. App. 1995).  

Suggestiveness may be created by the
manner in which the pretrial identification procedure is conducted, such as the
police pointing out the suspect or suggesting that a suspect is included in the
line-up or photo array.  Id.  Sergeant Bill Madden of the Houston Police
Department investigated this robbery.  On
January 21, 2003, Madden received information the suspect involved in this case
was stopped, driving a car with the same license plate number that Stephenson
had reported.  Madden then ordered the
photo of the suspect who had been arrested in that unrelated incident.  Madden testified that he told Stephenson that
someone had been stopped driving a vehicle with a similar license plate and
that he would like her to come in and look at a photo spread to see if that
person was the same suspect.  Stephenson
similarly testified that Madden asked her to look at a photo spread because on
the day she was robbed, the license plates to the car she described fit the
description of someone they had picked up for something else.  

However, before showing Stephenson the
photo spread, Madden admonished her that the suspect may or may not be in the
photo spread, told her to take into account that hairstyles, mustaches, and
beards my change, and cautioned that she was not obligated to pick out anyone
if she did not recognize anyone.  Madden
did not indicate to Stephenson which photo to choose.  Stephenson also testified that Madden told
her not to be concerned if she did not see the person who robbed her in the
photo spread, and Madden never told her the person who robbed her was in the
photo spread.  Stephenson explained that
Madden wanted to make sure that she understood that she should not feel
compelled to pick out anyone.








Stephenson picked appellant out of the
photo spread A[r]ight off the bat,@ and then sat back
in her chair and started shaking.  We
conclude the procedure may have been suggestive, but not impermissibly
suggestive.  Assuming arguendo
that the procedure used in the photo spread was impermissibly suggestive, we
next must determine whether this created a very substantial likelihood of
irreparable misidentification.  To
determine whether the suggestive pretrial procedure gave rise to a very
substantial likelihood of irreparable misidentification, the court considers
the following factors: (1) the opportunity of the witness to view the criminal
at the time of the crime; (2) the witness= degree of
attention; (3) the accuracy of the witness= prior description
of the criminal; (4) the level of certainty demonstrated by the witness at the
confrontation; and (5) the length of time between the crime and the
confrontation.  Delk v. State, 855
S.W.2d 700, 706 (Tex. Crim. App. 1993).  

After considering the above five factors,
we conclude the pretrial identification procedure, if impermissibly suggestive,
did not give rise to a very substantial likelihood of irreparable
misidentification.  First, Stephenson had
a significant opportunity to view appellant at the time of the robbery.  Appellant spoke to Stephenson before the
robbery and was physically very close to her at the time of robbery.  Second, Stephenson was focused on appellant.  She never took her eyes off of him and she Ahad a good look at
his face.@ 
Third, Stephenson accurately described appellant.  She described appellant as a 35 to 40
year-old black male with a short to medium length afro, 5'7" to 5'9"
in height, and weighing 160 to 180 pounds. 
Appellant is 5'9" tall and weighs 190 pounds.  Fourth, Stephenson identified appellant as
the robber with a great deal of certainty when shown the photo spread and again
at trial.  Fifth, although ten months
time elapsed between the robbery and the trial, this had no significant effect
on Stephenson=s recollection of the events or
identification of appellant at the time of trial.  Appellant=s first issue is
overruled.  








In his second issue, appellant further
complains the photo spread was unduly suggestive because his afro was the
longest pictured, where as all the afros were short, not medium in length.  Suggestiveness may be created by the content
of the line-up or photo array itself if the suspect is the only individual
closely resembling the pre-procedure description.  Barley, 906 S.W.2d at 33.  While the better practice is to utilize
individuals with features matching the accused, that is not always practical,
and neither due process nor common sense requires such a procedure.  Turner v. State, 600 S.W.2d 927, 933
(Tex. Crim. App. 1980).  Moreover, there
is no standard concerning the similarities required of the persons used in the
pretrial procedure.  Wilson v. State,
15 S.W.3d 544, 553 (Tex. App.CDallas 1999, pet.
ref=d).  Thus, the fact that participants do not
perfectly match the witness= prior physical
description of the accused does not render the procedure impermissibly
suggestive.  Cooks v. State, 844
S.W.2d 697, 732 (Tex. Crim. App. 1992); see also Mungia v. State, 911
S.W.2d 164, 168 (Tex. App.CCorpus Christi
1995, no pet.) (explaining that photo spread is not impermissibly suggestive
merely because each photo can be distinguished in some manner from photo of
accused).  

The photo spread at issue in this case
shows six black males with similar features. 
While appellant=s hair appears to be slightly longer than
three of the others pictured, it appears to be about the same length as two of
the others.  Moreover, Stephenson
testified that she did not pick out appellant because his hair was the longest;
instead, it was because she Anever for[got] his
face.@  

We do not find that with regard to hair
length, the photo spread was impermissibly suggestive.  Even if the photo spread were impermissibly
suggestive due to the length of appellant=s hair as compared
to the other men included in the photo spread, as analyzed above, this did not
create a very substantial likelihood of irreparable misidentification.  Appellant=s second issue is
overruled.

                                                       Rule 614








In his third issue, appellant claims the
trial court erred in allowing Sergeant Madden to testify because he was present
in the courtroom during the State=s opening
statement and part of appellant=s opening
statement, even though Texas Rule of Evidence 614, known simply as Athe rule,@ had been
invoked.  Appellant objected to Madden=s testimony on the
ground that he was present in the courtroom during opening statements when the
rule had been invoked.  See Tex. R. Evid. 614 (providing that at
request of party, trial court shall order witnesses excluded from courtroom so
that they cannot hear testimony of other witnesses).  The trial court overruled appellant=s objection,
stating that the lawyers= statements were not evidence.  

Rule 614 of the Rules of Evidence provides
that at the request of a party, the trial court shall order witnesses excluded
so that they cannot hear the testimony of other witnesses.  Tex.
R. Evid. 614.  The purpose of
placing witnesses under the sequestration rule is to prevent the testimony of
one witness from influencing the testimony of another witness.  Bell v. State, 938 S.W.2d 35, 50 (Tex.
Crim. App. 1996).  Thus, it is well
settled that this rule does not apply to the exclusion of witnesses during voir
dire, opening statements, or before there has been any testimony.  Creel v. State, 493 S.W.2d 814, 820
(Tex. Crim. App. 1973); Price v. State, 626 S.W.2d 833, 834 (Tex. App.CCorpus Christi
1981, no pet.); see also Hinojosa v. State, No. 03-01-00663, 2002 WL
31026643, at *1 (Tex. App.CAustin Sept. 12,
2002, pet. ref=d) (not designated for publication); Hernandez
v. State, No. 04-98-00959, 1999 WL 418117, at *1B2 (Tex. App.CSan Antonio June
23, 1999, no pet.) (not designated for publication); Jacobs v. State,
No. 01-86-0136-CR, 1987 WL 10540, at*3 (Tex. App.CHouston [1st
Dist.] May 7, 1987, no pet.) (not designated for publication).  Therefore, Madden=s presence in the
courtroom during opening statements prior to the commencement of any testimony
did not violate Rule 614.  








Appellant, however, complains that Madden,
by being present during the opening statements, heard what the testimony of the
other witnesses was going to be.  A
review of the record reveals that in the State=s opening
statement, the prosecutor described the testimony Stephenson would give
regarding the events of the robbery and that the evidence would show that after
looking at the photo spread, there was no doubt in her mind that appellant was
the person who robbed her.  Before the
trial court requested that Madden leave the courtroom, appellant=s attorney stated
in his opening statement that the evidence would show that Stephenson did not
accurately identify the make and model of automobile that appellant was actually
driving when he was stopped two days after the robbery and that she was not
certain of the license plate state or number. 
We fail to see how hearing these opening statements could have
influenced Madden=s testimony.  Therefore, the trial court did not abuse its
discretion in allowing Madden to testify. 
See Cooks, 844 S.W.2d at 733 (stating enforcement of Rule 614
falls within discretion of trial court and its action will not be disturbed in
absence of abuse of discretion or injury to defendant).

Appellant=s third issue is
overruled.  Accordingly, the judgment of
the trial court is affirmed.  

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 6, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).