COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-062-CR

 

 

JEAN ELIZABETH COCKBURN                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM COUNTY
CRIMINAL COURT NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Jean Elizabeth Cockburn appeals her
conviction and sentence for driving while intoxicated.  In three issues, she argues that the State
did not prove venue, that a witness who violated the Rule was allowed to
testify, and that she did not voluntarily consent to the breath test performed
after her arrest.  We affirm.








The law pertinent to this case is well settled,
and the facts are well known to the parties. 
Appellant asserts in her first issue that the trial court failed to
prove that the charged offense occurred in Denton County.  It is true that the prosecution has the
burden to prove that venue is proper in the county where the trial is
sought.  Black v. State, 645
S.W.2d 789, 790 (Tex. Crim. App. 1983). 
However, on appeal, we are to presume that venue was proven in the trial
court unless it was disputed at trial or the record affirmatively shows the
contrary.  Tex. R. App. P. 44.2(c)(1). 
Venue in criminal cases must be proven only by a preponderance of the
evidence.  Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 2005).

Appellant does not contend that she asserted at
any time during the trial that venue was not established.  Furthermore, the record does not
affirmatively show that venue was improper. 
Several witnesses testified that Appellant was the driver of one of the
cars involved in an accident on Homestead Road. 
Renee Blalock, the driver of the car that Appellant struck in the
accident, testified that Homestead Road is a public road in Denton County.  Appellant directs us to no evidence in the
record showing that the offense occurred anywhere else.  Thus, under the rules of appellate procedure,
we must presume that venue was established. 
See Tex. R. App. P.
44.2(c)(1).  We overrule Appellant=s first
issue.








In her second issue, Appellant argues that the
trial court abused its discretion by allowing a witness who had violated the
Rule to testify at trial.  Rule 614 of
the Texas Rules of Evidence, commonly known as Athe Rule,@
provides that, upon a party=s
request or on its own motion, the court shall order witnesses excluded so that
they cannot hear the testimony of other witnesses.  Tex.
R. Evid. 614.  The State invoked
the Rule before the start of voir dire, and the trial court instructed the
witnesses present to remain outside the courtroom until called to testify and
to refrain from talking to anyone about the case. 

However, Appellant assertsCand the
State does not disputeCthat one of the State=s
witnesses entered the courtroom and observed ten to fifteen minutes of voir
dire.[2]  Appellant objected and requested that the
witness be prevented from testifying. 
The trial court denied Appellant=s
request, stating that he did not think the State=s intent
was malicious and that he couldn=t Asee any
impact that voir dire examination would have in regards to testimony of this
witness,@ so
there was no harm in allowing him to testify. 









The purpose of placing witnesses under the
sequestration rule is to prevent the testimony of one witness from influencing
the testimony of another witness.  Bell
v. State, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996), cert. denied,
522 U.S. 827 (1997).  Thus, it is well
settled that this rule does not apply to the exclusion of witnesses during voir
dire and before any testimony has begun. 
Creel v. State, 493 S.W.2d 814, 820 (Tex. Crim. App. 1973); Price
v. State, 626 S.W.2d 833, 834 (Tex. App.CCorpus
Christi 1981, no pet.); see also Hudson v. State, No.  14‑03‑01253‑CR, 2005 WL
81631, at *3 (Tex. App.CHouston [14th Dist.] Jan. 6,
2005, pet. ref=d) (mem. op.) (not designated
for publication) (holding that the Rule does not apply to exclusion of
witnesses during opening statements). 
Therefore, the witness=s
presence in the courtroom during voir dire prior to the commencement of any
testimony did not violate Rule 614.  We
overrule Appellant=s second issue.

Finally, in her third issue, Appellant argues
that her consent to the breath test was involuntary because the statutory
warnings given before she took the test informed her that if her test result
was below 0.08, she could face lesser criminal penalties.  Appellant argues that she was therefore Aencouraged
to gamble@ on the possibility that her
breath test would be low enough to qualify for a lesser offense.

The complained-of warning that was given to
Appellant both orally and in writing reads as follows:








If you are younger than
21 years of age and have any detectable amount of alcohol in your system, your
license, permit or privilege to operate a motor vehicle will be suspended or
denied for not less than 60 days. 
However, if you submit to the taking of a specimen and an analysis of
the specimen shows that you have an alcohol concentration of less than 0.08,
you may be subject to criminal penalties less severe than those provided for
under Chapter 49, Penal Code.  [Emphasis
added.] 

 

The judgment shows that Appellant=s date
of birth is January 1, 1961, and Appellant herself testified at trial that she
was forty-six years old.  She was
arrested and took the breath test on December 6, 2005, making her forty-four
years old when she received the complained-of warning.  The plain language of the warning explains
that the possibility of lesser penalties for a breath specimen under 0.08
applies to persons under twenty-one years old. 
Appellant was not under twenty-one years old, so this warning could not
have induced her to take the breath test involuntarily.  See State v. Amaya, 221 S.W.3d
797, 800 (Tex. App.CFort Worth 2007, pet. ref=d)
(explaining that a voluntary consent to breath test is one that is not the
result of physical or psychological pressure by law enforcement
officials).  We overrule Appellant=s third
issue.

Having overruled Appellant=s three
issues, we affirm the trial court=s
judgment.  

PER CURIAM

PANEL F:    MCCOY,
LIVINGSTON, and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)








DELIVERED: January 10, 2008











[1]See Tex. R. App. P. 47.1.





[2]The State=s attorney explained that
he did not recognize the witness when the witness entered the courtroom because
all his prior contact with the witness had been over the telephone, and he had
never met the witness in person.