COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-062-CR

JEAN ELIZABETH COCKBURN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jean Elizabeth Cockburn appeals her conviction and sentence for driving while intoxicated.  In three issues, she argues that the State did not prove venue, that a witness who violated the Rule was allowed to testify, and that she did not voluntarily consent to the breath test performed after her arrest.  We affirm.

The law pertinent to this case is well settled, and the facts are well known to the parties.  Appellant asserts in her first issue that the trial court failed to prove that the charged offense occurred in Denton County.  It is true that the prosecution has the burden to prove that venue is proper in the county where the trial is sought.  
Black v. State
, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983).  However, on appeal, we are to presume that venue was proven in the trial court unless it was disputed at trial or the record affirmatively shows the contrary.  
Tex. R. App. P
. 44.2(c)(1).  Venue in criminal cases must be proven only by a preponderance of the evidence.  
Tex. Code Crim. Proc. Ann.
 art. 13.17 (Vernon 2005).

Appellant does not contend that she asserted at any time during the trial that venue was not established.  Furthermore, the record does not affirmatively show that venue was improper.  Several witnesses testified that Appellant was the driver of one of the cars involved in an accident on Homestead Road.  Renee Blalock, the driver of the car that Appellant struck in the accident, testified that Homestead Road is a public road in Denton County.  Appellant directs us to no evidence in the record showing that the offense occurred anywhere else.  Thus, under the rules of appellate procedure, we must presume that venue was established.  
See 
Tex. R. App. P
. 44.2(c)(1)
.
  We overrule Appellant’s first issue.

In her second issue, Appellant argues that the trial court abused its discretion by allowing a witness who had violated the Rule to testify at trial.  Rule 614 of the Texas Rules of Evidence, commonly known as “the Rule,” provides that, upon a party’s request or on its own motion, the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses.  
Tex. R. Evid.
 614.  The State invoked the Rule before the start of voir dire, and the trial court instructed the witnesses present to remain outside the courtroom until called to testify and to refrain from talking to anyone about the case. 

However, Appellant asserts—and the State does not dispute—that one of the State’s witnesses entered the courtroom and observed ten to fifteen minutes of voir dire.
(footnote: 2)  Appellant objected and requested that the witness be prevented from testifying.  The trial court denied Appellant’s request, stating that he did not think the State’s intent was malicious and that he couldn’t “see any impact that voir dire examination would have in regards to testimony of this witness,” so there was no harm in allowing him to testify.  

The purpose of placing witnesses under the sequestration rule is to prevent the testimony of one witness from influencing the testimony of another witness.  
Bell v. State
, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997).  Thus, it is well settled that this rule does not apply to the exclusion of witnesses during voir dire and before any testimony has begun.  
Creel v. State
, 493 S.W.2d 814, 820 (Tex. Crim. App. 1973); 
Price v. State
, 626 S.W.2d 833, 834 (Tex. App.—Corpus Christi 1981, no pet.); 
see also Hudson v. State
, No. 
 
14-03-01253-CR, 2005 WL 81631, at *3 (Tex. App.—Houston [14th Dist.] Jan. 6, 2005, pet. ref’d) (mem. op.) (not designated for publication) (holding that the Rule does not apply to exclusion of witnesses during opening statements).  
Therefore, the witness’s presence in the courtroom during voir dire prior to the commencement of any testimony did not violate Rule 614.  We overrule Appellant’s second issue.

Finally, in her third issue, Appellant argues that her consent to the breath test was involuntary because the statutory warnings given before she took the test informed her that if her test result was below 0.08, she could face lesser criminal penalties.  Appellant argues that she was therefore “encouraged to gamble” on the possibility that her breath test would be low enough to qualify for a lesser offense.

The complained-of warning that was given to Appellant both orally and in writing reads as follows:

If you are younger than 21 years of age 
and have any detectable amount of alcohol in your system, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 60 days.  However, if you submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of less than 0.08, you may be subject to criminal penalties less severe than those provided for under Chapter 49, Penal Code.  [Emphasis added.] 

The judgment shows that Appellant’s date of birth is January 1, 1961, and Appellant herself testified at trial that she was forty-six years old.  She was arrested and took the breath test on December 6, 2005, making her forty-four years old when she received the complained-of warning.  The plain language of the warning explains that the possibility of lesser penalties for a breath specimen under 0.08 applies to persons under twenty-one years old.  Appellant was not under twenty-one years old, so this warning could not have induced her to take the breath test involuntarily.  
See
 
State v. Amaya
, 221 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, pet. ref’d) (explaining that a voluntary consent to breath test is one that is not the result of physical or psychological pressure by law enforcement officials).  We overrule Appellant’s third issue.

Having overruled Appellant’s three issues, we affirm the trial court’s judgment.  

PER CURIAM

PANEL F: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 10, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.1.

2:
The State’s attorney explained that he did not recognize the witness when the witness entered the courtroom because all his prior contact with the witness had been over the telephone, and he had never met the witness in person.